[Filed February 19, 1887.]

## SAMUEL HUGHES, ADM'R., v. EUNICE AND N. J. WALKER.

FORMER ADJUDICATION—NONSUIT.—When it appears from the record of a proceeding that the court never considered the merits of the controversy, nor rendered any judgment affecting the same, but simply dismissed the plaintiff's action, without trial and without evidence, such judgment of dismissal does not support a plea of former adjudication   It is a mere nonsuit.

PAYMENT.—The evidence reviewed, and found to establish the defense of part payment.

XIV. OREG.—**31**.

WASHINGTON COUNTY.  Plaintiff appeals.  Decree modified.

*Thomas H. Tongue*, for Appellant.

*T. B. Handly* and *S. B. Huston*, for Res pondents.

STRAHAN, J.—The plaintiff brings this suit as administrator of Lucy Davis, deceased.  Its object is to foreclose a mortgage made by the defendant Eunice Walker, formerly Eunice Brock. The amount claimed is $700, with interest thereon at the rate of ten per cent. per annum, from the 4th day of April, 1882. After the making of said note and mortgage, said Eunice intermarried with her codefendant, N. J. Walker.  The complaint is in the usual form in such cases.

The answer denies the material allegations of the complaint, except the execution of the note and mortgage.

The answer then alleges, by way of a separate defense, that said Eunice, in the lifetime of said Lucy Davis, paid said promissory note by furnishing board, and lodging, and washing for the said Lucy, of the reasonable value of $752.00, and flour and fuel of the reasonable value of $6.25; for all of which said intestate undertook and agreed to pay by cancelling said note and mortgage; and that thereby the same was fully paid and satisfied.  For a further and separate defense, the answer alleges a former adjudication in the county court of Washington County, between the said Eunice and the present plaintiff, as administrator of the estate of Lucy Davis, deceased, wherein the same matter as to the said promissory note was determined that is presented by this record.

The reply denied the new matter contained in the answer.

Upon the argument, appellant's counsel insisted upon the plea of former adjudication as a complete defense in this suit, and if the judgment of the county court of Washington County were a judgment upon the merits of the controversy—it being between the same parties, in the same capacity, and litigating partly for the same thing (Civil Code, Sec. 723)—they would

doubtless be correct. But the judgment was not upon the merits. It was in the nature of a nonsuit, involuntary, it is true; but it is manifest from the record, that the county court never considered the merits of the controversy, or rendered any judgment affecting the same. It simply dismissed the plaintiff's action, without trial and without evidence. In such case, the judgment is not a bar. (Freeman on Judgments, Sec. 261.) It was held in *Fisk* v. *Parker*, 14 La. Ann. 491, that a judgment of dismissal is nothing more than one of nonsuit, and cannot support the plea of *res adjudicata* as to any of the matters at issue.

The next question demanding our attention is on the fact arising upon the defendant's plea of payment. The general facts surrounding this case, and which appear in evidence, are of such a nature as to incline a court of equity to give full effect to the defense of payment sought to be established, so far as there is any evidence to support it. The only direct evidence there is in the record on that subject tends very strongly to support this defense, while there is but little to countervail it. Much that is relied upon by the plaintiff to rebut the defense is too remote to be considered.

The facts and circumstances offered in evidence by the defendant, tend to show that Lucy Davis did not intend that this note and mortgage should be enforced against this defendant for any sum that appeared to be due them at the time of her death; but, on the contrary, that the same should then be cancelled. Lucy Davis, it appears, was an aged lady, and the mother of Mrs. Henderson and the defendant Eunice Walker, who were her only children; that, at some time prior to 1880, she gave Mrs. Henderson a considerable quantity of property, with the understanding that she would thereafter make her home with Mrs. Henderson; that after some time had elapsed she became dissatisfied with her home at Mrs. Henderson's, and changed to Mrs. Brock's, now Mrs. Walker's. This was something over a year before the note and mortgage sued on were made. It also appears that at the time of the making of said note and mortgage the parties had some kind of an ac-

counting, though, so far as the evidence goes, it does not appear to have been a full accounting or settlement. None of the witnesses who were present are able to give the items which entered into said accounting, and one of them thinks the item of board up to that date did not enter into it ; but the fact that the note and mortgage were executed, in the absence of clear and satisfactory proof to the contrary, must be taken as an admission by the maker that the amount of money therein specified was then due, and that all antecedent transactions between the parties were thereby closed and settled. It thus appears, inferentially only, that Mrs. Walker received compensation for the board and lodging of Mrs. Davis up to that time. It also appears that during the time Mrs. Davis resided with Mrs. Walker, then Mrs. Brock, she employed Mr. J. Gaston to draw her will, and instructed him fully touching the note and mortgage sued on; and to the effect that Mrs. Brock was then paying the note by boarding Mrs. Davis, and that at her death the note was to be given up and the mortgage cancelled ; that said will was prepared agreeably to said instructions, and duly executed ; that thereafter Mrs. Henderson, learning of the execution of said will, visited her mother, and in the language of Mrs. H. to a witness, she *compelled* her mother to destroy her will.

The evidence does not enable us to fix the amount which the defendant ought to be allowed, by way of payment on said note, with perfect exactitude or with entire certainty ; but after a careful review of the evidence, we have reached the conclusion that there is now due thereon the sum of $244, and that a reasonable attorney's fee is $75, for which sums a decree of foreclosure will be entered. The appellant will recover costs in this court.