## JOHNSON *v.* WATKINS.

### *(Circuit Court, W. D. Michigan.* November 6, 1889.)

COSTS—IN FEDERAL COURTS—STATUTES—REPEAL.

Rev. St. U. S. § 968, provides that, where a plaintiff in a circuit court recovers less than $500, he shall not recover costs, but at the discretion of the court may be adjudged to pay costs. This section formed a part of the judiciary act, which fixed the jurisdictional amount at $500. Act. Cong. March 3, 1887, fixed the minimum limit of the amount in dispute, necessary to give jurisdiction, at $2,000, but made no reference to section 968. *Held,* that the section was not amended by the act of 1887. Eastman v. Sherry, 37 Fed. Rep. 844, followed.

At Law. On cross-motions for judgment for costs.

*Frank S. Donaldson,* for plaintiff.

*Smith & Stevens* and *Mitchell & McGarry,* (*E. S. Eggleston,* of counsel,) for defendant.

SEVERENS, J. In this cause, which was an action for tort, counter-motions were made by the respective parties for a judgment in form which should carry costs to them respectively. The process and declaration of the plaintiff claimed damages to an amount sufficiently large to bring the case within the jurisdiction of the court; the minimum limit of which was fixed by the last act of congress dealing with the subject at $2,000. This was the act of March 3, 1887. The jury, however, have rendered a verdict for only $1,333. Costs being a matter of statutory regulation, the right of parties to them depends entirely on the proper construction of the statutes relating thereto. The lower limit of jurisdiction under the former law was fixed at $500; and by section 968 of the Revised Statutes it was provided that, when the plaintiff recovered less than that amount, he should not recover costs, but, in the discretion of the court, might be compelled to pay the defendant's costs. This last section was not changed in terms, or amended, by the act changing the limit of jurisdiction in respect to the amount in controversy.

It was urged in behalf of the defendant that the primary intent of section 968 was to forbid the recovery of costs by the plaintiff in case he should not recover a sum equal, at least, to the minimum of jurisdiction, and that $500 was mentioned in this statute only because it was the symbol of that limitation, and as having a meaning synonymous therewith. Upon the argument of these motions, I was much impressed that this was the real intent of congress, and that, if so, effect should be given to it accordingly. The result would be that this section, so construed, would harmonize with the later law raising the limit of the jurisdiction to $2,000, and would now prevent a plaintiff from recovering costs who should recover less than that limit. But as the rule had been held otherwise by Judge JENKINS in the eastern district of Wisconsin, in *Eastman* v. *Sherry,* 37 Fed. Rep. 844, and the question was one of importance throughout the country, and one upon which it seemed advisable to have uniformity, I deemed it prudent to confer with the circuit judge about it. In answer to my communication, he informs me that the point has

been up before him on previous occasions, and that he has held to the same construction as Judge JENKINS did,—that the statute, section 968, could not be expanded by interpretation beyond the purpose to forbid costs where the plaintiff recovered less than $500; that the statute is so; and that it is for congress to change the rule, if it is advisable. Under these circumstances, my own doubt must give way to the holding of the circuit judge. The motion for costs to the defendant will therefore be denied, and that of the plaintiff allowed.