LEWIS C. KING, RESPONDENT, *v.* JOHN TOWNSHEND, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Estoppel — where it does not appear that the precise question litigated in the second action was determined in the former one.*

Lewis C. King, in May, 1891, brought an action against John Townshend and his tenant, Charles Lehman, to set aside a lease of certain premises, described in the complaint, from the city of New York to John Townshend, executed in the course of proceedings to enforce the payment of a void assessment.

The complaint alleged that the invalidity of the lease did not appear upon its face, and asked that it be canceled as a cloud upon the plaintiff's title. It also alleged, and the answer denied, that the plaintiff was the owner and in possession of the premises described in the lease.

The plaintiff having proved a paper title and possession in May, 1891, the defendant, who had alleged title, offered in evidence a judgment record, in the Superior Court of the city of New York, in an action of ejectment brought by William Moores against John Townshend and Charles Lehman. The verdict upon the trial of that action in 1887, was in favor of the defendants, subject to the opinion of the General Term, which thereafter affirmed the judgment upon the merits, which judgment at General Term was affirmed in the Court of Appeals under a statement of facts which certified that the facts proved on the trial did not establish either title or a right of possession in William Moores, and that he had not shown possession in himself, nor in those under whom he claimed.

Upon the trial of the present action the defendants insisted that the judgment of the Superior Court against Moores was an estoppel as to King, who took title from Moores after the entry of that judgment, but the court decided against this claim, holding that the judgment in question did not show that the judgment was rendered upon the question of title, and that it might have been for the possession only.

Upon an appeal by the defendants from this decision:

*Held,* that this construction was correct.

That while, as a general rule, a judgment upon the merits was conclusive upon the parties, and their privies upon the same matters in any subsequent action, yet the precise question involved in the second action must have been finally determined in the first action or, within the pleadings, must have been capable of a determination therein.

That where the prior judgment might have been based upon either of two facts, or states of fact, the party alleging the estoppel must, to avoid a new contest, show affirmatively that the judgment went upon the particular facts which he claims created an estoppel.

That, in the case in the Superior Court, the statement which went up to the Court of Appeals, and was a part of the record, showed no more than that the facts proved upon the trial did not establish any title in Moores, and did not show clearly that the court intended to make any final adjudication upon the question of title as between the parties.

That, whether or not the court had power, upon the facts appearing in the case in the Superior Court, to have adjudicated upon the question of title, section 1524 of the Code of Civil Procedure, making a judgment in ejectment conclusive upon parties and privies, evidently contemplated that, in order to have such a result, "the title" must be "established in the action."

That no title had been established, and, therefore, no estoppel could arise.

APPEAL by the defendant John Townshend from a judgment of the Supreme Court, made at the New York Special Term on the 14th day of May, 1892, adjudging the plaintiff to be the owner of the premises described in the complaint; that a sale of said premises made by the clerk of arrears in the city of New York on the 18th day of September, 1871, to enforce an assessment, to one C. Murray and the certificate of the sale (which was by him assigned to John Townshend) were void; that a lease of said premises, executed by the comptroller of the city of New York to said Townshend, dated November 14, 1873, for a term of ninety years, was void, and that the lease was a cloud upon the plaintiff's title, and directing that the lease be canceled.

The complaint, which set forth the giving of the lease made by the comptroller to Townshend above referred to, stated that the

alleged invalidity in the lease would not necessarily appear upon its face nor in proceedings to enforce it. It appeared upon the trial that William Moores and his wife conveyed the premises in question to the plaintiff, Lewis C. King, by a deed dated January 28, 1890, acknowledged, but not recorded, and that the defendant Charles Lehman was a tenant of John Townshend.

*John Townshend*, for the appellant.

*L. A. Gould*, for the respondent.

PATTERSON, J.:

The decree from which the appeal is taken in this cause declared that a certain tax lease of premises described in the complaint, made and executed by the proper authorities of the city of New York to the defendant, was void, and directed it to be canceled of record as a cloud on the plaintiff's title, for the reason that excessive interest had been added to the amount of an assessment for non-payment of which the property was sold. It has been held by this court that a tax sale made under such circumstances is void (*In re Willis*, 30 Hun, 13), and by the Court of Appeals, that where the facts constituting the illegality of the sale do not appear of record, but must be proven by extrinsic evidence, a suit will lie to remove as a cloud upon title a lease or deed based upon such a void sale. (*Stewart v. Crysler*, 100 N. Y., 378.) The burthen of proving the facts constituting illegality in this case was upon the plaintiff, for the statute makes the lease *prima facie* evidence of the regularity of all proceedings resulting in its execution and delivery. (Chap. 381, Laws 1871, § 941, Consolidation Act, chap. 410, Laws of 1882.) Sufficient was shown on the trial to authorize the finding that the sale was void, but it is claimed that for other reasons the learned judge erred in holding that the plaintiff was entitled to a decree.

It is alleged in the complaint that the plaintiff is the owner, and in possession of the premises described therein. The answer puts that allegation in issue. It was, therefore, necessary for the plaintiff to establish title in himself by competent evidence. That he did by grants or conveyances sufficient to vest a paper title in him ; and although there was some dispute as to possession he showed that he had it when this suit was begun. On the trial the defendant, as

evidence against the plaintiff's asserted title, introduced (and as would appear) without objection a judgment record entered in the Superior Court of the city of New York in an action of ejectment brought by one Moores, the present plaintiff's immediate grantor, against this defendant and his tenant in possession for the recovery of the same premises. That action was tried October 4, 1886, and a verdict was directed for the defendant subject to the opinion of the court at General Term. Judgment on the verdict and directing the dismissal of the complaint was ordered by the General Term, and was entered March 10, 1887. The judgment is expressly stated to be on the merits. An appeal was taken to the Court of Appeals and the judgment was affirmed. In obedience to the requirements of section 1339 of the Code of Civil Procedure the Superior Court certified to the Court of Appeals (and it went up as part of the record), a statement of the facts, the questions of law arising thereon and the determination made of the same, in which statement it was, among other things, certified, that the facts disclosed on the trial did not establish any title to or right of possession of the *locus in quo* in Moores, and that he had not shown possession thereof in himself nor in the persons through whom he claimed.

It will be observed that this judgment of the Superior Court, which is now invoked as an estoppel against the plaintiff, was rendered in March, 1887, was upon the merits, and if it was binding upon Moores on this question of title, it would also estop the present plaintiff as his grantee, the grant being subsequent to the judgment. (*Campbell* v. *Hall*, 16 N. Y., 579.) The present suit was begun May, 1891, more than four years after the entry of the judgment in the Superior Court. The question for consideration, therefore, is, what is the effect of the judgment referred to *on the title* derived by the plaintiff from Moores? It may be stated as a general rule that a judgment between parties binding on them and their privies, and rendered on the merits, is conclusive upon the same matters in any subsequent action, whether brought for the same or for any other object or purpose, or in the same or any other form of action. (*Castle* v. *Noyes*, 14 N. Y., 329; *Smith* v. *Smith*, 79 id., 634; *Jordan* v. *Van Epps*, 85 id., 427; *Leavitt* v. *Wolcott*, 95 id., 212; *Pray* v. *Hegeman*, 98 id., 357; *Bell* v. *Merrifield*, 109 id., 211.) And it is immaterial whether the judgment is pleaded in bar as a

defense, or is put in evidence without being pleaded as an estoppel. (*Embury* v. *Conner*, 3 N. Y., 522 ; *Krekeler* v. *Ritter*, 62 id., 372.) But engrafted upon the general rule is the condition that the precise question involved in the second action must have been (or, within the pleadings, might have been) finally determined in the first action (*Bell* v. *Merrifield, supra*), and that where the prior judgment may have been based upon either of two facts, or states of fact, the party seeking to avail himself of the estoppel must show affirmatively that it went upon the particular facts claimed to create that estoppel, otherwise it is open to a new contest. (*Lewis* v. *Pier Co.*, 125 N.Y., 348.) The learned judge at Special Term found and based his decision on the finding that the record in the Superior Court did not disclose that the judgment was rendered upon the question of title, but that it may have been on that of possession only. All that appears from the judgment-roll, properly so-called, is, that the judgment was on the merits, but what was determined by the Superior Court, as certified by it to the Court of Appeals, is, that it was adjudicated that the facts proven did not establish any title to the premises in Moores. This certificate of the General Term was required by law ; is to be regarded as part of the proceedings in the action similar to findings of fact and conclusions of law on a trial at Special Term, and was necessary to enable the court of last resort to know upon what grounds the determination below was based.

We agree with the Special Term that the Superior Court judgment is not conclusive in this action on the question of title, because it is not clear that that court intended to make a final and binding adjudication on that subject, and it is, at least, very doubtful under the statute if it had the power to do so under the facts certified by it to the Court of Appeals. The conclusiveness of a judgment in ejectment on the question of title is a matter of express statutory provision in the State of New York. Before the Revised Statutes, as is well known, a judgment in ejectment was not a bar or an estoppel to new actions on new demises, but as many subsequent actions might be brought as there were new leases made, and the only way to prevent further litigation was by a decree in equity enjoining other actions being brought at law. The revisers remodeled and regulated the action of ejectment intending to assimilate it as a real action, as nearly as might be to replevin as a personal

action, but in doing so . they carefully provided for the effect of a judgment both after a trial and upon default of a defendant in pleading — as to the former case it being enacted (§ 36, 2 R. S., 309), that "every judgment in the action of ejectment rendered upon a verdict shall be conclusive *as to the title established in such action* upon the party against whom the same is rendered, and against all persons claiming from, through or under such party by title accruing after the commencement of such action, subject," etc., and subsequently the provision being extended to judgments rendered on the report of a referee on the facts or the decision of a single judge on the facts. (2 Edmond's R. S., 317.) This provision of the Revised Statutes is now contained in substance in section 1524 of the Code of Civil Procedure. Now, it is to be observed that the Superior Court certifies that on the question of title there was merely a failure of proof. If title were only involved, a dismissal as in the case of an ordinary nonsuit would have been the proper judgment. But possession and title being both involved in actions of ejectment since the Revised Statutes (*Cagger* v. *Lansing*, 64 N. Y., 417), it is probable that, on the finding that the plaintiff Moores was not entitled to possession, the Superior Court held the complaint should be dismissed on the merits, for it is not to be assumed that that learned court intended to ignore the plain provision of the statute, that to make the judgment conclusive *as to title* there must be a title *established* in the action; and it would be an absurdity to say that the failure of a plaintiff to prove title in himself establishes one in his adversary, or in any one else. In the defendant's answer in the Superior Court action no title was set up. The whole defense was simply on the general denial; and respecting a judgment in such a case the language of Mr. Justice Swayne (*Barrows* v. *Kindred*, 4 Wall., 399), in commenting upon the Illinois statute, which is similar to ours, respecting judgment in ejectment, is pertinent. The learned judge says: "Where a judgment is rendered for the plaintiff the title upon which he recovered is thereby established and the construction and effect of the statute are obvious. He must recover in all cases, if at all, upon the strength of his own title, and not upon the weakness of his adversary's. It is not incumbent on the defendant to show any title. Where a plaintiff shows no title, and is, therefore, defeated, it is not easy to perceive how any title can be said

*to have been established* in the action, or how, under the statute, the result can affect his right to bring a new action." And in our own courts the same view of the statute has been taken. (*Briggs* v. *Wells,* 12 Barb., 569; *Ryerss* v. *Rippey,* 25 Wend., 432), the latter case being cited to the same point by RAPALLO, J., in *Dawley* v. *Brown* (79 N. Y., 398).

There was no title whatever established in anything by the Superior Court judgment, and, as it does not clearly appear, either by the record in that action or otherwise, that the court intended to find title in either of the parties, we think the Special Term was right in holding that the judgment referred to did not conclusively estop the plaintiff from showing here that title in Moores, his grantor, which was not shown on the trial of the ejectment action, but which was proven on the trial of the case at bar. The judgment must be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.