Decided 29 June, 1903.

**HOOVER** *v.* **KING.**

[ 72 Pac. 880.]

JUDGMENT IN EJECTMENT AS RES JUDICATA.
1. A judgment in an action of ejectment dismissing the complaint and awarding costs to defendant, based on a verdict finding for the defendant and against the plaintiff, is not a bar to another ejectment action for the same land, for it does not appear by either the verdict or judgment that there was a determination of the question of title directly or inferentially.

RES JUDICATA—INFERENCE AS TO AMBIGUOUS JUDGMENT.
2. When a case presents more than one issue on which the judgment may rest, one of which goes to the merits, while the others do not, it will be inferred that the judgment was not based on the merits, unless it so appears.

FORMS OF FINAL ORDERS IN LAW AND EQUITY—PRACTICE.
3. Under the Oregon practice a law action is disposed of by a judgment for plaintiff or defendant, or one of nonsuit, while a suit in equity either passes to a decree or is dismissed; but a judgment of dismissal is unknown at law.

JUDGMENT AS AN ESTOPPEL.
4. The conclusive element in a final order that makes it available as an estoppel is its decision on the merits of the dispute, and not that it is in favor of one or another party.

From Harney: MORTON D. CLIFFORD, Judge.

This is an action by Newton Hoover against W. J. King and others to recover possession of the east ½ of the southwest ¼ of section 8, township 25 south of range 35½ east, in Harney County, which plaintiff tried to recover possession of from the same defendants in an action begun in 1889, wherein he alleged in his complaint that he was the owner in fee simple and entitled to the possession of the property, and that the defendants and each of them wrongfully and unlawfully withheld possession from him. The defendants answered, denying the plaintiff's title or right

to the possession, or that they wrongfully or unlawfully withheld possession from him, and for an affirmative defense pleaded title in the defendant, Mrs. Alice L. Bartlett. A trial was had, and the jury returned the following verdict, omitting title: "We, the trial jury in the above-entitled action, find for the defendants Alice L. Bartlett and George W. Bartlett, and against the plaintiff, Newton Hoover." Upon motion of defendants for judgment on the verdict, it was "ordered and adjudged that said motion for judgment be, and the same is hereby, granted and allowed, and that plaintiff's complaint filed herein be, and the same is hereby, dismissed, and the defendants have and recover of and from the plaintiff their costs and disbursements herein, taxed at $16." Thereafter the plaintiff commenced the present action. The complaint is in the usual form. The answer denies the material allegations thereof, sets up title in the defendant, Alice L. Bartlett, and pleads as a bar the judgment in the former action. The court held the plea in bar good, and instructed the jury that the former judgment was a sufficient defense to this action. Notwithstanding this instruction, however, the jury found that the plaintiff was the owner in fee simple of the premises in controversy, returned a verdict in his favor, and assessed his damages at $700. The verdict was set aside on motion of the defendants, and a new trial ordered, upon which the jury, by direction of the court, returned a verdict in favor of the defendants. From the judgment entered thereon plaintiff appeals. REVERSED.

For appellants there was a brief over the names of *John G. Saxton* and *Will R. King*, with an oral argument by *Mr. King*.

For respondents there was a brief over the name of *Parrish & Rembold.*

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

The only question presented by this appeal is whether
the judgment in the former action is a bar to this. At
common law, ejectment was a mere possessory action be-
tween fictitious parties. The judgment therein did not de-
termine the estate or interest of the parties in the property,
nor did it conclusively determine the right to possession.
It therefore was not a bar to another or subsequent action
to recover possession of the same property : 2 Black, Jud.
§ 650. But in the majority of the states of the Union the
common-law action has been pruned of its fiction and arti-
ficiality, and made a simple remedy for the recovery of the
possession of real property and the trial of the title thereto.
It has generally been prescribed, either expressly or by
necessary inference, that the judgment in such an action
shall be conclusive between the parties and privies. Such
are the provisions of our statute. Any person having a
legal estate in real property and the present right to the
possession thereof, may recover such possession, with dam-
ages for withholding the same, by an action at law : B. & C.
Comp. § 326. The plaintiff is required to set forth in his
complaint the nature of his estate, whether in fee, for life,
or for a term of years, and for whose life, or the duration
of such term : B. & C. Comp. § 328. The defendant is not
allowed to give evidence of any estate in himself or another,
or any license or right to the possession of the property,
"unless the same be pleaded in his answer," with "the cer-
tainty and particularity required in a complaint": B. & C.
Comp. § 329. The jury are required to find, if their verdict
is for the plaintiff, "that he is entitled to the possession of
the property described in the complaint, or some part
thereof, or some undivided share or interest in either, and
the nature and duration of his estate in such property, part
thereof, or undivided share or interest in either, as the case
may be," and, if for the defendant, "that the plaintiff is
not entitled to the possession of the property described in

the complaint, or to such part thereof as the defendant defends for, and the estate in such property or part thereof, or license or right to the possession of either, established on the trial by the defendant, if any, in effect, as the same is required to be pleaded ": B. & C. Comp. § 330. The judgment "shall be conclusive as to the estate in such property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the same is given, and against all persons claiming from, through, or under such party, after the commencement of such action, except as in this section provided ": B. & C. Comp. § 339. It is thus apparent that the statute contemplates that the title to land may be tried in an action to recover possession thereof, and that, so far as the same is tried and determined, the judgment therein is conclusive upon the party against whom it is given : *Barrell* v. *Title Guarantee Co.* 27 Or. 77 (39 Pac. 992); *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327). But it is only when it appears from the judgment that the title has in fact been tried and determined that it can have such an effect. At common law, the judgment in an action to recover real property was not conclusive upon the parties, nor is it conclusive under the statute, unless it is within the terms thereof. It is declared in express terms that the judgment is conclusive on the title only "so far as the same is thereby determined," and "that only is deemed to have been determined by a former judgment, decree, or order which appears upon its face to have been so determined, or which was actually and necessarily included therein or necessary thereto ": B. & C. Comp. § 748.

Now, looking at the verdict and judgment in the former action brought by the plaintiff to recover possession of the property now in controversy, all that appears to have been determined thereby is that the jury found " for the defendants," that the complaint was dismissed, and costs were

awarded to the defendants. There is no finding by the jury nor adjudication by the court concerning the title, nor was it necessarily included in the judgment rendered, or essential thereto. There were two issues in the case — one as to the plaintiff's title, and the other as to his right to the immediate possession of the property in controversy. A finding and judgment adverse to him on either issue would have defeated the action; but the record does not disclose whether the judgment was based upon the one or the other. The verdict affords no information on the subject. It contains no finding as to the title or right to the possession of the property. It does not conform to the requirements of the statute, and any judgment that might have been entered thereon would have been erroneous and reversible on appeal: *Long* v. *Linn*, 71 Ill. 152; *Pensacola Ice Co.* v. *Perry*, 120 U. S. 318 (7 Sup. Ct. 576); *Oney* v. *Clendenin*, 28 W. Va. 34. If the jury had found that the plaintiff was not entitled to the possession of the property, and that Mrs. Bartlett was the owner in fee thereof and entitled to the possession as pleaded in the answer, a judgment entered thereon, merely dismissing the complaint and awarding costs, might perhaps have been construed as an adjudication of the title, and therefore a bar to a subsequent action: 2 Black, Judgm. § 703; *Amory* v.*Amory*, 26 Wis. 152; *Granger* v. *Singleton*, 32 La. Ann. 898. So, too, a judgment rendered on the verdict actually returned, determining the question of title, might perhaps have been sufficient on a collateral attack; but, when neither the verdict nor the judgment contains any finding or adjudication on such issue, it is not perceived on what theory the court would be justified under our statute in holding that the judgment is a bar to the present action.

2. When there are two issues in a case, upon either of which the judgment may rest, one going to the merits and the other not, its disposition will generally be con-

sidered as resting upon the latter; the merits remaining unadjudicated, unless the judgment appears to have been upon the merits: 21 Am. & Eng. Ency. Law (1 ed.), 265. Now, the verdict in the former action was simply a finding in favor of the defendants, and the judgment merely dismissed the complaint and taxed costs and disbursements against the plaintiff. Only two points were thereby determined: (1) That the complaint should be dismissed, no grounds therefor being stated; and (2) that the defendants should have judgment for their costs. Neither of these questions necessarily went to the merits of the title. Either could properly rest on the failure of the plaintiff to show a right to the immediate possession of the property, and, in view of the rule stated, it will be so considered.

3. A judgment dismissing a complaint in an action at law is a proceeding unknown to the statute, and does not necessarily determine any of the issues involved. Costs are but an incident to the judgment, and do not add to its force or effect. A bill or suit in equity may be "dismissed," and such dismissal is an effectual bar to a subsequent suit for the same cause, unless given without prejudice: B. & C. Comp. § 412. An action at law, however, is disposed of either by a judgment in favor of the plaintiff or defendant, or one of nonsuit. If the former, the cause of action is determined, and it is brought to an end. If the latter, only the pending action is disposed of, and another may be brought upon the same cause: *Hughes v. Walker*, 14 Or. 481 (13 Pac. 450). Since neither the verdict nor the judgment in the former action shows that the title to the property was tried and determined, the judgment can, in our opinion, have no more force than a nonsuit, and is not a bar to a subsequent action to recover possession of the same property: *Fitch* v. *Cornell*, 1 Sawy.

156 (Fed. Cas. No. 4,834); *Hughes* v. *Wheeler,* 76 Cal. 230 (18 Pac. 386).

4. It is not the recovery by the defendants that constitutes the bar or estoppel, but the decision upon the merits of the question which is in dispute between the parties: *Dawley* v. *Brown,* 79 N. Y. 390 ; *King* v. *Townshend,* 65 Hun, 567 (20 N. Y. Supp. 602); same case, 141 N. Y. 358 (36 N. E. 513).

It was insisted at the argument that, if the court should conclude that the court below was in error in holding the former judgment a bar, the cause should be remanded, with directions to enter a judgment on the verdict returned on the first trial of the present action.   The verdict was contrary to the instructions of the trial court, for which reason it was set aside and a new trial awarded ; and we do not think that we would be justified, under the circumstances, in so remanding the cause.

The judgment will be reversed, and a new trial ordered.

REVERSED.

Decided 6 July, 1903.