Argued August 8, decided August 15, 1912.

## BURNETT *v.* MARRS.

[125 Pac. 838.]

CONTRACTS—CONSIDERATION—MUTUALITY.

1. A writing requesting insertion of an advertisement on a show curtain for a period of one year and agreeing to pay a weekly sum therefor, accepted by the party to whom addressed and acted upon by both parties, was based on a valid consideration and was not void for want of mutuality.

JUDGMENT—RES JUDICATA—JUDGMENT ON DEMURRER TO DEFECTIVE PLEADING.

2. While a judgment rendered on a demurrer is conclusive as to the facts confessed thereby, where the demurrer goes to the merits, a demurrer to a complaint in an action by the assignee of a corporation, on the ground that the plaintiff did not plead properly the corporate existence of the assignor, goes merely to a formal or technical defect, and a judgment sustaining it will not bar a subsequent action.

JUDGMENT—JUDGMENT AS BAR—DEMURRER—EFFECT OF APPEAL.

3. The decision on the demurrer being by a justice of the peace, neither an appeal to the circuit court and an affirmance therein, nor a ruling striking out an amendment to the petition filed therein, would change the character of the judgment or bar a subsequent action, as the merits were not determined in either court.

TRIAL—BY COURT—FINDINGS—CONFORMITY TO ISSUES.

4. Where a former judgment was not *res judicata,* an allegation of the defendants' answer in relation thereto was immaterial, and was properly ignored by the court in its findings.

TRIAL—BY COURT—FINDINGS—STATE OF EVIDENCE.

5. Where, in an action on a contract, the defendants offered no evidence other than the record of a judgment relied on as *res judicata,* no finding on the question of giving notice to the plaintiff in attempting to rescind was warranted.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by B. K. Burnett against J. D. Marrs, R. C. Kingery and F. S. Reese, doing business as Grand Electric Company.

The complaint alleges, in substance, that on June 5, 1910, the defendants, as partners under the name of Grand Electric Company, entered into an agreement in writing with the C. E. McKenna Company, a corporation

organized under the laws of the State of Washington and authorized to transact business in Oregon, of which the following is a copy:

"We hereby authorize you to insert our advertisement in space A. A. A. on Grand Ad Curtain, Portland, Ore., subject to change of booking, name or location of theater, for the term of one year (12 calendar months' actual display) from the day advertisement appears and to continue in force after that time until canceled by written notice to the main office. To occupy space selected, for which we agree to pay to your order the sum of $5.00 per week, payable monthly in advance. *First painting free*; all subsequent changes to be at the expense of advertiser. If copy is not supplied within 10 days after signing this agreement, the C. E. McKenna Co. will be at liberty to supply such copy or matter to the best of their ability. In case of suit to collect any part of this contract, the advertiser agrees to pay such additional sum as the court shall adjudge reasonable as attorney's fee in such suit. No verbal understanding or conditions not specified herein will be recognized.

"GRAND ELECTRIC CO.
"Address, 127 Grand Ave.
"Accepted: C. E. MCKENNA CO., INC.,
"Per Geo. W. Cox."

It is also alleged that pursuant to the contract the C. E. McKenna Company furnished defendants with advertising from June, 1910, until January, 1911, amounting to $175, only $85 of which has been paid, that the claim was assigned to plaintiff, and that $25 was a reasonable attorney's fee.

Defendants answered, admitting the partnership of defendants and the execution of the contract, and denying the other allegations of the complaint, and for a further answer pleaded in effect that the contract on the part of defendants was voluntarily made, and for no consideration whatever, that on the 6th day of October, 1910, the contract was rescinded by a written notice to

the C. E. McKenna Company. For a further and separate answer the defendants allege, in substance, that on February 4, 1911, the plaintiff commenced an action against defendants in the justice's court for Portland District, Multnomah County, Oregon, for the recovery of $90 on account of the contract mentioned; that February 10, 1911, a general demurrer to the complaint, filed by defendants, was sustained by the justice's court, and a judgment rendered in favor of defendants for costs; that the action was appealed to the circuit court of that county, and a judgment there rendered sustaining the demurrer of defendants, on the ground that the corporate existence of the C. E. McKenna Company, Incorporated, assignee of the plaintiff therein, was not properly pleaded; that thereafter, by leave of the circuit court, an amended complaint was filed, and on motion of defendants the same was stricken out on the 7th day of May, 1911, for the reason that the court had no authority to allow an amended pleading to be filed which changed the issue tried in the justice's court; and that the plaintiff is estopped from prosecuting this action.

Plaintiff filed a reply, denying the new matter in the answer, except as to the former judgment, upon the motion to strike out plaintiff's complaint. The cause was tried before the court without the intervention of a jury.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Allen H. McCurtain.*

For respondent there was a brief and an oral argument by *Mr. Benjamin E. Hayman.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Defendants, upon this appeal, assign as error that the court erred in rendering judgment for plaintiff, for the reason that plaintiff failed to prove that the contract

set up was executed for the C. E. McKenna Company by any one who had authority to bind the company. The allegation in the complaint as to the execution of the contract is contained in paragraph 3 thereof, which paragraph is admitted by defendants in their answer. Therefore there was no issue as to the execution of the contract. Defendants also set forth the execution of the agreement in writing, and for a second assignment of error claim that the same is void for want of mutuality. The contract set out in the complaint, while somewhat informal, being accepted by the C. E. McKenna Company and acted upon by both parties, was, in effect, a mutual contract. The acceptance was a consideration for the agreement upon the part of defendants, and bound both parties to its conditions. The testimony shows that defendants made payments for advertisements, pursuant to the terms of the writing. The contract authorized the advertising and fixed the price therefor, and, the work having been done, the defendants are certainly liable to pay for such. We think this contention is without merit.

2. It is also contended by counsel for defendants that the judgment in the former action upon the demurrer and motion to strike out plaintiff's complaint is a bar to this action, and that the court erred in failing to so find as requested by defendants. This is the real point for this court to determine. It will be noticed from the statement of the pleadings that the first action, to which a general demurrer was sustained, was determined upon a motion to strike out an amended answer because an amendment was inserted therein to the effect that the C. E. McKenna Company was a corporation. A judgment rendered on a demurrer is equally conclusive, by way of estoppel, of the facts confessed by the demurrer, as would be a verdict and judgment finding the same

facts. But a judgment on demurrer, based merely on formal or technical defects and raising only a question of pleading, is no bar to a second action for the same cause. Where the ground of the demurrer is the omission of a material allegation from plaintiff's pleading, a judgment sustaining the demurrer will not prevent the maintenance of a new suit on the same cause of action, in which the new declaration or complaint supplies the missing averment. 23 Cyc. 1152; 1 Freeman, Judgments (4 ed.) § 267; *O'Hara* v. *Parker,* 27 Or. 156, 163 (39 Pac. 1004); *Hughes* v. *Walker,* 14 Or. 481 (13 Pac. 450); *Hoover* v. *King,* 43 Or. 281, 286 (72 Pac. 880: 65 L. R. A. 790: 99 Am. St. Rep. 754)..

No judgment can be available as an estoppel unless it is a judgment on the merits. 1 Freeman, Judgments (4 ed.) § 260. A judgment cannot be set up in bar of a subsequent action unless it was a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definitive manner. 23 Cyc. 1126. The determination of a motion or summary application is not *res adjudicata,* so as to prevent the parties from litigating the same matters again in the more regular form of an action, especially if the matter affected by the motion was only incidental or collateral to the determination of the main controversy. 23 Cyc. 1119. In the case of *Pruitt* v. *Muldrick,* 39 Or. 353, at page 358 (65 Pac. 20, at page 21), the following language was used by this court:

" 'In order that a judgment may constitute a bar to another suit,' says Mr. Justice FIELD in *Hughes* v. *United States,* 4 Wall. 232 [18 L. Ed. 303], 'it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and it must be determined on its merits. If the first suit was dismissed for defect of pleading, or parties,

or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

3. In the former action commenced by plaintiff against defendants it was determined that there was a defect in the complaint, and the demurrer was sustained for that reason. The judgment in that action did not go to the merits and is not a bar to this action. The fact that the plaintiff appealed to the circuit court, where the judgment of the justice's court was sustained, did not change the character of the judgment; nor did the attempted amendment of the complaint in the circuit court which was stricken out on motion. In neither court were the merits of the controversy between the parties heard or determined.

4. There was no error in the trial court ignoring the allegation in the answer as to the former judgment. It was not a material allegation, and necessitated no finding. The case of *Waggy* v. *Scott,* 29 Or. 386 (45 Pac. 774), cited and relied upon by defendants' counsel, is not in conflict with, but in support of, this ruling.

5. Defendants offered no evidence other than the record of the judgment referred to, and was therefore not entitled to a finding upon the question of giving notice to the plaintiff in attempting to rescind the contract. The circuit court found that the contract had been carried out by plaintiff. It is claimed that there was not sufficient evidence to support the findings made by the trial court. After a careful examination of the evidence, we think the same supports the findings, and they should not be disturbed. The evidence tends to show that the advertising was done as claimed by plaintiff, and this is not disputed.

Finding no error in the record, the judgment of the lower court is affirmed.          AFFIRMED.