## SILVERMAN v. CENTRAL AMUSE-MENT CO.
No. 15800.

District Court of the United States for the District of Columbia.

March 26, 1943.

Cornelius H. Doherty and Stanley H. Kamerow, both of Washington, D. C., for plaintiff.

Simon, Koenigsberger & Young and Leroy S. Bendheim, all of Washington, D. C., for defendant.

MORRIS, District Judge.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. Damages were sought in the amount of $10,000, it being claimed that certain of the plaintiff's injuries were permanent. At a trial of the cause a verdict was rendered for the plaintiff in the amount of $300. Subsequently the defendant filed a motion to disallow costs on the judgment obtained by the plaintiff, and for directions to the clerk to enter a judgment without costs. A hearing was had upon said motion, in support of which the defendant relied upon 28 U.S.C.A. § 815, which reads as follows:

"§ 815. *Costs; plaintiff not entitled to, when.* When, in a district court, a plaintiff in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of $500, exclusive of costs, in a case which can not be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value; or a libelant, upon his own appeal, recovers less than the sum or value of $300, exclusive of costs, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs. (R.S. § 968.)"

All general acts of Congress, not locally inapplicable in the District of Columbia, are in force in this jurisdiction. Title 49, § 49—301, D.C.Code 1940. The plaintiff urges that the statute here relied on is not controlling in this jurisdiction.

With respect to the District Court of the United States for the District of Columbia, it is provided by Title 11, Section 11—305, of the D.C.Code (1940): "The said court shall possess the same powers and exercise the same jurisdiction as the District Courts of the United States, and shall be deemed a court of the United States." (Mar. 3, 1901, Mar. 3, 1911.)

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows: "(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

A careful search of the decisions in this jurisdiction fails to reveal any case in which the application of the statute here relied upon has been invoked, although its original antecedent was enacted September 24, 1789, 1 Stat. 83, § 20. In the case of Forrest v. Hanson, 1802, Fed.Cas.No.4,-943, 1 D.C. 63, plaintiff, in an action for slander, recovered damages of one cent. The defendant contended that in such circumstances the plaintiff ought not to recover costs. The Court stated:

"The statute of Glocester is the foundation of costs in Maryland. It seems to have been in force from the first settlement of the country, and gives costs in all cases where damages are recovered. The statute of 21 Jac., c. 16, does not appear to have been at any time practised upon in Maryland; and there seems to be good reason why it has not. It was not applicable to the circumstances of this country. The intention of that statute was to prevent trifling actions of slander from being brought in the superior courts in England. It was never construed to extend to those courts whose jurisdiction was limited to actions of forty shillings value [citing authorities]. Consequently the statute was of a local nature, and only applicable to the peculiar relative situation of the courts in England. * * * No case having been produced in which the statute of James has been practised upon in Maryland, we cannot consider it as in force here; and if it is not, there

is nothing to prevent the full operation of the statute of Glocester, which gives costs in all cases where damages are recovered. The jurisdiction of this court is unlimited by the amount of the claim, or of the verdict, in actions of slander; for although the court has decided that the justices of the peace have exclusive original jurisdiction in all cases where they have cognizance, yet the justices have no cognizance of actions of slander.

"For these reasons, I am clearly of opinion, that the plaintiff ought to have his judgment, with full costs."

The Municipal Court for the District of Columbia, as established by Act of Congress, approved April 1, 1942, 56 Stat. 190, is given the jurisdiction theretofore had by the Police Court of the District of Columbia and by the Municipal Court of the District of Columbia, and in addition "said court shall have exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which * * * damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000 * * *." Section 4.

That statute also provides: "If, in any action, other than an action for equitable relief, pending on the effective date of this Act or thereafter commenced in the District Court of the United States for the District of Columbia, it shall appear to the satisfaction of the court at any pretrial hearing thereof that the action will not justify a judgment in excess of $1,000, the court may certify such action to The Municipal Court for the District of Columbia for trial. * * * and the case * * * shall thereafter be treated as though it had been filed originally in the said Municipal Court, except that the jurisdiction of that court shall extend to the amount claimed in such action, even though it exceed the sum of $3,000." Section 5.

Prior to this recent change the exclusive jurisdictional amount of the Municipal Court of the District of Columbia, in cases such as the present one, was $1,000.[1]

[1] Title 11, Section 11—703, D.C.Code 1940: "The municipal court of the District of Columbia shall have exclusive jurisdiction in the following civil cases in which the claimed value of personal property or the debt or damages claimed, exclusive of interest and costs, does not exceed $1,000, namely, in all civil cases in which the amount claimed to be due for debt or damages arises out of contracts, express or implied, or damages for wrongs or injuries to persons or property, including all proceedings by attachment or in replevin (except in cases involving title to real estate or actions against judges of the municipal court or other officers for official misconduct), and in actions for the recovery of damages for assault, assault and battery, slander, libel, malicious prosecution, and breach of promise to marry." Mar. 3, 1901; Feb. 17, 1909; Mar. 3, 1921.

As already noted, the statute here under consideration was originally enacted by the First Congress as part of the Judiciary Act applying to circuit courts, which have since been abolished. That Act, establishing such courts, provided that they "shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars," and where the other requisites for federal jurisdiction set forth in the Act existed. 1 Stat. 78, § 11. Such jurisdictional amount of those courts and their successors has several times been altered, but the statutes making such changes have made no reference to the statute here under consideration; and it has been determined that this statute was not amended or affected by such action. Eastman v. Sherry, C.C.Wis.1889, 37 F. 844; Johnson v. Watkins, C.C.Mich.1889, 40 F. 187. See, also, Davis v. Kansas City, etc., R. Co., C.C.Tenn.1887, 32 F. 863.

■■ The obvious policy of the statute is to discourage the bringing of actions in the United States District Courts which should have been brought in other forums. While the mandatory bar to the recovery of costs where the judgment is less than $500 is not drastic, it affords, together with the discretionary provision that all costs may be adjudged against him, a most reasonable and salutary deterrent to an enlargement of a claim by a plaintiff for jurisdictional purposes. With the excellent judicial machinery now established in the District of Columbia for the determination of controversies involving amounts less than the jurisdictional amount of this court, I cannot conclude that this statute, even though apparently not heretofore invoked, is locally inapplicable. Quite to the contrary, it seems that it would here serve the very purpose the Congress had in mind in its enactment. In the absence of authoritative expression otherwise, I must conclude that the statute under consideration is controlling.

■ The plaintiff finally contends that the motion to disallow costs comes too late, as the judgment was entered on January 5, 1943, and the motion was filed January 20, 1943. Costs are but an incident to the judgment, and do not add to its force or effect. 9 Words and Phrases, Perm.Ed., page 812, citing Hoover v. King, 43 Or. 281, 72 P. 880, 882, 65 L.R.A. 790, 99 Am.

St.Rep. 754. Rule 54(d), supra, provides that costs may be taxed by the clerk on one day's notice, and on motion served within five days thereafter, the action of the clerk may be reviewed by the Court. Taxation of costs is fixing the amount of costs to which the party is entitled. 2 Bouvier's Law Dictionary, Rawle's Third Revision, p. 3240. The docket entries show that the amount of costs in this case was fixed by the clerk on January 18, 1943, at which time a statement of such costs was furnished to plaintiff's counsel for service on defendant. Clearly the period in the rule, within which a review may be had, had not expired at the time the motion was filed.

The motion to disallow costs of the plaintiff is granted, and the clerk is directed to enter a judgment accordingly.

