Julia F. Thompson *vs.* Charles H. Cowell.

Norfolk. January 17, 1889. — February 28, 1889.

Present: Morton, C. J., Field, C. Allen, Holmes, & Knowlton, JJ.

*Settlement of Title to Land — Citizen of another State — Personal Service — Jurisdiction.*

If, on a petition under the Pub. Sts. c. 176, to try the title to real estate in this Commonwealth against a citizen of another State, personal service is made upon him while commorant here, the court acquires jurisdiction of his person, and can proceed with the case to judgment.

Petition under Pub. Sts. c. 176, inserted in a writ of original summons, dated August 26, 1887, to try the title to a parcel of land in Wrentham. The respondent appeared specially, and filed a plea to the jurisdiction. Hearing before *Morton*, C. J., who reported the case for the consideration of the full court, as follows.

The petitioner is a resident of Wrentham, and the respondent is a resident of Rhode Island, but was, when the writ of summons was sued out and served, commorant of Wrentham. The writ was served on August 27, 1887, by a deputy sheriff of the

county of Norfolk, by giving to the respondent in hand an attested copy of the writ, with the petition inserted therein.

*F. D. Ely*, for the petitioner.

No counsel appeared for the respondent.

MORTON, C. J. This is a petition under the Pub. Sts. c. 176, inserted in a writ of original summons. The writ and petition were duly served upon the respondent by giving him in hand an attested copy, he being at the time of the service commorant of Wrentham, in this Commonwealth. The court thus acquired jurisdiction of his person, and can proceed with the suit and enter a personal judgment against him. *Roberts* v. *Knights*, 7 Allen, 449. *Peabody* v. *Hamilton*, 106 Mass. 217.

The respondent relies upon the case of *Macomber* v. *Jaffray*, 4 Gray, 82. But in that case the respondents all were out of the Commonwealth, and no personal service was or could be made upon them. The court declined to issue an order of notice to them, because they were not personally subject to the jurisdiction of the court. The suggestion in the opinion, that, if the petition was entertained, " it would deprive the respondent of the election to sue in the Circuit Court of the United States," does not seem to be well founded, as the court may order the respondent to bring a suit to try the title in any court of competent jurisdiction, or may give the respondent his election to bring it in any such court. *Plea overruled.*