## FRATT v. WILSON.
(47 Pac. 706; 48 Pac. 356.)

1. APPEAL—JURISDICTION OF SUPREME COURT—FILING TRANSCRIPT.— Where the parties stipulate that a printed abstract shall be filed in lieu of the usual transcript on appeal (rules 4 and 13, Rules of Supreme Court, 24 Or. pp. 595, 601), one of them cannot afterwards object that the court has no jurisdiction, under section 541, Hill's Code, providing that the jurisdiction of the appellate court shall attach only on filing the transcript.

2. SERVICE OF PROCESS IN TRANSITORY ACTIONS AGAINST NON-RESIDENTS.—The expression, "none of the parties," found in the latter part of section 44 of Hill's Code, means none of the defendants; so that in a transitory action a non-resident of this State may be sued in any county that the plaintiff may select, and personal service anywhere within the State will be good: *Dunham* v. *Shindler,* 17 Or. 256, and *Brown* v. *Deschuttes Bridge Co.,* 23 Or. 7, distinguished.

3. IDEM.—The expression, "none of the parties reside in this state," found in section 44 of Hill's Code, refers to all non-resident defendants, whether they are found in the State or are absent therefrom.

From Multnomah: E. D. SHATTUCK, Judge.

This is an appeal from an order of the trial court overruling a motion to set aside a default order and judgment.

It appears from the record that Francis Fratt sued H. C. Wilson, in Multnomah County, on a transitory cause of action, and caused the summons to be served on the defendant personally in Lake County. Wilson was at the time a resident of California, but was temporarily in Lake County on business. No appearance was made, and in due time plaintiff obtained a judgment for want of an answer. Afterward defendant applied to the court to set aside this judgment, on the ground that the court had no jurisdiction over the person of the defendant, and that the judgment was and is wholly void. After due consideration the motion was overruled.

For the purpose of perfecting an appeal, the appellant filed in the upper court a printed abstract of the record in the form indicated by Rules 5, 7 and 9 of that court (24 Or. 595, 600), attached to which was a stipulation under Rule 13 (24 Or. 601), that the case might be heard on the printed abstract alone, viz.: "It is hereby agreed by and between the plaintiff and defendant herein, through and by their respective attorneys, that this case shall be tried in the Supreme Court upon the foregoing abstract, without a transcript, and that no transcript shall be filed therein." No transcript having been filed in the upper court by the first day of the next term, as provided for by section 541 of Hill's Code, the respondent moved to dismiss the appeal.

MOTION OVERRULED: AFFIRMED.

For appellant there was a brief over the names of *Hammond & Vawter,* and *Lionel R. Webster,* with an oral argument by *Mr. A. S. Hammond.*

For respondent there was a brief and an oral argument by *Mr. William M. Gregory.*

### ON MOTION TO DISMISS APPEAL.

PER CURIAM.　1.　This is a motion to dismiss an appeal. The record shows that the appeal was regularly taken and perfected, but, instead of the usual transcript of the cause, there was filed in this court a printed abstract thereof, by agreement of the parties hereto, entered into in pursuance of Rule 13 (24 Or. 601, 37 Pac. 8). Plaintiff's counsel now contend that jurisdiction cannot be conferred by consent of the parties, and, under section 541, Hill's Code, is not acquired until the transcript is filed, and that, even if the abstract be regarded as supplying the place of the transcript, the one filed herein is not sufficient to enable the court to determine the appeal upon its merits, and for these reasons move to dismiss it. Whether the notice of appeal is to be considerd in the nature of process, upon the service of which this court obtains jurisdiction, and the transcript as the evidence by which the judgment is to be reviewed on appeal, so that the parties might stipulate the facts involved and ask a construction of the law arising thereon, or whether the filing of the transcript is to be deemed the final act, without which no jurisdiction can be obtained, we do not feel called upon to decide, for the plaintiff, having stipulated with the defendant that the printed abstract should be deemed sufficient for the trial of the cause on appeal, is not in a position to controvert the legal effect of his agreement upon the faith of which the defendant presumptively relied. An examination of the abstract leads us to the conclusion that it fairly presents the questions involved, and hence the motion to dismiss the appeal is overruled.

MOTION OVERRULED.

ON THE MERITS.

Opinion by MR. JUSTICE BEAN.

2. H. C. Wilson, a resident of California, was sued by Francis Fratt, in Multnomah County, in an ordinary action to recover money, and service made upon him while temporarily in Lake County, and the sole question to be determined on this appeal is whether the judgment subsequently rendered by default is void for want of jurisdiction. The contention for the defendant is that personal service of a summons in this State on a non-resident, in a transitory action, does not confer jurisdiction of his person, unless made in the county where the action is pending; while the plaintiff claims that the action may be commenced in any county which the plaintiff may designate in his complaint, and service be made elsewhere in the State. The statute regulating the place of trial of such actions provides that they "shall be commenced and tried in the county in which the defendants or either of them reside, or may be found, at the commencement of the action; or, if none of the parties reside in this State, it may be tried in any county which the plaintiff may designate in his complaint": Hill's Code, § 44. In *Brown* v. *Deschuttes Bridge Co.*, 23 Or. 7 (35 Pac. 177); and in *Dunham* v. *Shindler*, 17 Or. 256 (20 Pac. 326), it was held that a transitory action against a resident of the State must, under this statute, be commenced in the county where he resides or is found at the commencement of the action, or the judgment is a nullity; and the defendant claims that all persons personally present in the State, whether temporarily or not, are residents of the county in which they are found, for jurisdictional purposes, and under these decisions can be sued only in such county. In support of this position his counsel cite several authorities to the

effect that the bodily presence of a non-resident is equivalent to residence for jurisdictional purposes: *Alley* v. *Caspari*, 80 Me. 234 (14 Atl. 12); *Murphy* v. *Winter*, 18 Ga. 690; *Thompson* v. *Cowell*, 148 Mass. 552 (20 N. E. 170). These authorities only announce the familiar and universally recognized doctrine that a citizen of one state, upon going voluntarily into another, submits himself to the jurisdiction of the courts of the latter. The question before us, however, is not whether process served upon a non-resident while temporarily in the state will confer jurisdiction of his person, but whether such process can be served out of the county in which the action is pending, and therefore the authorities cited are not in point. The question of the sufficiency of such service must be determined by the provisions of the statute quoted, and if we are to give to the language thereof its ordinary and generally accepted meaning, there can, in our opinion, be no difficulty in the matter. The statute was manifestly designed to fix the place of trial of transitory actions against two different classes of persons, viz.: persons residing in the State and those not so residing. The first clause of the section clearly refers to persons who are residents of the State, and as to them the action must be commenced "in the county where the defendants or either of them reside, or may be found, at the commencement of the action"; while the latter clause just as clearly refers to persons residing out of the State, and as to them it provides that the action may be commenced "in any county which the plaintiff may designate in his complaint." This is but giving to the words of the statute their general import and customary meaning, and we do not see why they should not be so construed. The legislature evidently thought a different rule should prevail in actions brought against its own citizens from those brought

against non-residents, and it is not for the courts to speculate as to the sufficiency of the reasons therefor.

3. The defendant claims, however, that the latter clause of the section referred to was intended to apply only to non-residents who could not be served with process in the State, and not to such persons when found therein; but the statute itself makes no such exception, and we are not authorized to make any. By the language of the statute it is declared that if the defendant does not reside in the State the action may be commenced in any county which the plaintiff may designate in his complaint, and this provision was admittedly complied with in this case, hence the judgment is not void, and must be affirmed.

AFFIRMED.

---

Decided April 5, 1897; rehearing denied.