Argued 16 October, decided 17 December, 1907.

### BROWN *v.* LEWIS.

92 Pac. 1058.

JUDGMENT — COLLATERAL ATTACK — JURISDICTION — FOREIGN CORPORA-
TIONS—SERVICE OF PROCESS—SUFFICIENCY.

1. Where the complaint, in a transitory action against a foreign corpora-
tion, alleged a cause of action for personal service rendered by plaintiff to de-
fendant between June 23, 1903, and May 15, 1904, as manager and superintendent
of its mines in Josephine County, at an agreed salary, and that the action was
begun May 13, 1903, in Josephine County, it is a sufficient showing, as against a
collateral attack, that the defendant was doing business in the State when
the action was commenced.

VENUE—TRANSITORY ACTIONS—NONRESIDENT DEFENDANT.

2. Under Section 44, B. & C. Comp., providing that except in certain cases
an action shall be commenced and tried in the county where defendants, or
either of them, reside or may be found at the commencement of the action,
or, if none of the parties reside in the State, it may be tried in any county
which plaintiff may designate; transitory actions not within the exception
may be commenced against a nonresident in any county plaintiff may select,
and personal service anywhere within the State will give the court jurisdic-
tion.

JUDGMENT—COLLATERAL ATTACK—SERVICE OF SUMMONS.

3. Under section 55, B. & C. Comp., providing that in an action against a
private corporation, summons shall be served by delivering a copy, etc., to
the president or other head of the corporation, etc., or, in case none of the
officers named shall reside or have an office in the county where the cause of
action arose, then to any clerk who may reside or be found in the county;
where a complaint shows that the corporation is doing business in the State,
and that the action is upon a contract for service within the State, relating to
that business, service of summons made upon its president in another county
than where the action is pending is *prima facie* evidence that he represented
the defendant company in the State, and the notice is sufficient *prima facie* to
give the court jurisdiction, and, if the service is defective, it must be attacked
in that proceeding and cannot be questioned collaterally.

APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.

4. In replevin against a sheriff to recover property claimed under an exe-
cution sale on a judgment against a certain company, which property was
held by defendant under a writ issued in a case by K. against the company,
admission of evidence that K. had indemnified defendant against any loss by

reason of the action, and that defendant was acting as sheriff when he took the property and held it as such, and that plaintiff's attorney in the first action was his agent in the purchase and possession of the property, was not reversible error where the verdict included no damages.

REPLEVIN—WRONGFUL TAKING—NECESSITY FOR DEMAND.

5. In replevin, demand is unnecessary where the taking is wrongful.

PLEADING—COMPLAINT—DEFECTS—AIDER BY VERDICT.

6. Though an allegation in a complaint for replevin that defendant wrongfully took the property is defective in not disclosing that it was taken from plaintiff, where the proof discloses that it was wrongfully taken from plaintiff's possession, the defective allegation is aided by verdict so as to support a judgment for plaintiff, and defendant is not entitled to a direction of a verdict.

TRIAL—DEMURRER TO EVIDENCE BEFORE DEFENDANT RESTS.

7. A defendant cannot demur to plaintiff's testimony, unless he also rests his case, and a motion for nonsuit is the only proceeding for insufficiency of evidence open to defendant at the close of plaintiff's case.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action of replevin against the defendant, as sheriff, to recover attached personal property held by him upon a writ issued in the case of *Knapp* v. *Wallace,* 50 Or. 348 (92 Pac. 1054). Plaintiff claims title to the property through a sale thereof upon execution issued upon the judgment in the case of *Brown* v. *Althouse Mining Co.,* rendered in the Circuit Court of the State of Oregon for Josephine County. Upon the trial, plaintiff offered in evidence the judgment entry in that case, which was admitted, and afterwards the defendant offered in evidence the summons in that action and the sheriff's return of service thereon for the purpose of impeaching the said judgment; the return reciting service upon the defendant company by delivering a copy of the summons and complaint to B. F. Walker, president of the company, in Multnomah County, Oregon. At the close of the trial, defendant asked the court to instruct the jury to find for the defendant, for the reason that the judgment, through which the plaintiff claims title, is void for want of jurisdiction in the court to render it. The principal question in the case is whether, by this service of summons in *Brown* v. *Althouse Mining Co.,* the court obtained jurisdiction of defendant company.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William C. Hale.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. As to the collateral impeachment of judgments rendered by domestic courts of general jurisdiction, personal service upon a foreign corporation, and the amendment of the sheriff's return, reference is made to the opinion in *Knapp* v. *Wallace,* 50 Or. 348 (92 Pac. 1054), decided at this term upon a similar service of summons. The case of *Brown* v. *Althouse Mining Co.* was a transitory action against a foreign corporation. The complaint alleges a cause of action for personal service rendered by the plaintiff to the defendant between June 23, 1903, and May 15, 1904, as manager and superintendent of the operation of its mines in Josephine County, Oregon, under an employment by it at an agreed salary. That action was begun May 13, 1904, in Josephine County. As against a collateral attack, this is a sufficient showing that the defendant, the Althouse Mining Co., was doing business in Oregon when the action was commenced, which will give the courts of this State jurisdiction of the defendant company if served in manner provided by law; and in transitory actions against a nonresident the action may be commenced in any county plaintiff may select, and personal service anywhere within the State will give the court jurisdiction: Section 44, B. & C. Comp.; *Fratt* v. *Wilson,* 30 Or. 542 (47 Pac. 706, 48 Pac. 356). Section 55, B. & C. Comp., provides that service upon a private corporation shall be made upon it by delivering the summons and complaint to the president or other head of the corporation, secretary, etc.

2. The following facts are before us: A private corporation doing business within the State; an action upon a contract for service within the State relating to that business; service of summons made upon its president in another county than the

one where the action is pending, and judgment rendered there-on. This is notice that reaches defendant corporation and is sufficient to give the court jurisdiction as against a collateral attack. In *St. Clair* v. *Cox,* 106 U. S. 350, 359 (1 Sup. Ct. 354, 362: 27 L. Ed. 222), it is said: "When service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court, to render a personal judgment that it should appear somewhere in the rec-ord—either in the application for the writ, or accompanying its service, or in the pleadings or the finding of the court—that the corporation was engaged in business in the state. The transaction of business by the corporation in the state, general or special, appearing, a certificate of service by the proper offi-cer on a person who is its agent there would, in our opinion, be sufficient *prima facie* evidence that the agent represented the company in the business. It would then be open, when the record is offered as evidence in another state, to show that the agent stood in no representative character to the company." When such service is obtained, it is sufficient to give notice to the defendant, and, if it is defective, he must attack it in that proceeding, and it cannot be questioned collaterally. 1 Black. Judgments, § 224, states:

"Although the service of process in an action may have been characterized by some defect or irregularity, it does not neces-sarily follow that the ensuing judgment will be void, for, if the party would take advantage of such a matter, he must do so in the action itself by some proper motion or proceeding. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction."

And 1 Black, Judgments, § 263, states:

"It follows that the judgment of a court of general jurisdic-tion cannot be attacked collaterally when there has been some service of notice, although such service of notice may be mate-rially defective. The rule as stated by the court in Nebraska is that, where there is an attempt at service reaching the de-fendant, a defect in the manner of the service or form of the return is a mere irregularity, and is not ground for collateral

attack on the judgment": *Campbell Ptg. Press & Mfg. Co.* v. *Marder,* 50 Neb. 283 (69 N. W. 774: 61 Am. St. Rep. 573); *Griffin* v. *McGavin,* 117 Mich. 372 (75 N. W. 1061: 72 Am. St. Rep. 564).

3. The situation here is identical with the case of *Farrell* v. *Oregon Gold Co.* 31 Or. 463 (49 Pac. 876), except that here the service on the president is not made in the county where the defendant company was doing business. In that case it is held that it is not necessary that the return show that he was the agent of defendant to represent it in this State, but that such a service is *prima facie* sufficient to give the court jurisdiction. In that case the question arose upon a direct attack. In the case under consideration the attack is collateral, and the action, being transitory, may be brought in any county, and the service upon the president within the State, when the corporation is doing business therein, is sufficient *prima facie* to give the court jurisdiction under B. & C. Comp. § 44, and *Pratt* v. *Wilson,* 30 Or. 542 (47 Pac. 706, 48 Pac. 356), and is *prima facie* evidence that the president represented the defendant company here. Therefore we hold that the defendant cannot question the sufficiency of the service of the summons in this proceeding.

4. At the trial exception was taken by defendant to the ruling of the court in permitting plaintiff to prove that Knapp had indemnified him against any loss by reason of this action, and to prove that defendant was acting as sheriff when he took the property and held it as such; also, testimony that Norton was Brown's attorney in the first action, and his agent in the purchase and possession of the property. We think that the admission of such testimony was not reversible error. It was competent for plaintiff to prove that defendant was acting in his official capacity as sheriff in taking the property. If he took it wrongfully, he is personally liable, and the facts may be shown. The verdict included no damages; therefore defendant was not prejudiced by evidence upon that question.

5. It is claimed by defendant that there is no allegation or

proof of a demand for the return of the property; but a demand is unnecessary where the taking is wrongful, and the allegation of the complaint is that the defendant wrongfully took the property. This is very defectively alleged in not disclosing that it was so taken from the plaintiff.

6. But this defective allegation is aided by the verdict, and the proof discloses · that it was taken from the plaintiff's possession; the defendant testifying that at the time he attached the property he knew that he had previously sold it to plaintiff, and that it was in his possession. Therefore the defendant was not entitled to an instruction directing a verdict in his favor.

7. At the close of plaintiff's testimony, defendant asked the court to instruct the jury to return a verdict for defendant, but no such proceeding is allowable under our statute unless defendant also rested his case. A motion for nonsuit is the only proceeding open to defendant at the close of plaintiff's case for insufficiency of the evidence.

We find no error in the proceeding of the lower court, and therefore the judgment is affirmed.                         AFFIRMED.