## MORRISON *v.* FRANCK.

[110 Pac. 1090: 117 Pac. 308.]

APPEAL AND ERROR—AFFIRMANCE ON MOTION.

1. Under Section 553, B. & C. Comp., providing that, on appeal, appellant shall within 30 days file a transcript or such abstract as the rules of the appellate court may require, etc., and Supreme Court rule 20, as amended October 5, 1909, providing that all motions must be filed within 10 days after a party or his counsel know of an alleged failure of the adverse party to comply with the requirements of the statute or the rules, etc., a motion to affirm a judgment of nonsuit, made after the 10 days, will be denied, where no certificate of the judge is appended to the abstract showing that the same contains all the testimony.

APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT—BRINGING UP BILL OF EXCEPTIONS.

2. Section 554, L. O. L., provides that the appellant shall, within 30 days, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require, or so much of the record as may be necessary to intelligibly present the questions to be decided by the appellate tribunal. Supreme Court rule 9 (50 Or. 574: 91 Pac. ix), specifying what shall be contained in the abstract, requires appellant to set out so ·much of the bill of exceptions, or substance thereof, as is necessary to show the rulings of the court, and no more, and rule 5 (50 Or. 572: 91 Pac. viii) provides that if respondent deem the abstract imperfect or unfair he may deliver a further abstract, thereby disposing with the necessity of bringing up the bill of exceptions. *Held*, that it was not necessary that the certified copy of the bill of exceptions, as settled and signed by the judge, should be filed in the Supreme Court, but an abstract which stated that "the following proceedings were had, as shown by the bill of exceptions," and purporting to contain the bill in full, containing a motion for a directed verdict, with the statement that "the foregoing was all the testimony offered by either party," and containing a statement of the exceptions arising on the admission of testimony and the instructions, with such statement of the evidence as was necessary to explain the exceptions, was sufficient.

Appeal and Error—Scope of Review—Matters Not Necessary for Decision.

3. Where there was no question involved on the motion for nonsuit, which was not raised by the motion for a directed verdict, the court on appeal will consider only the latter.

Brokers—Commissions—Agreements Between Competing Brokers —Consideration.

4. Where several brokers were concerned in the sale of land and the terms of the sale were agreed on, but the parties refused to complete the sale until there was an agreement by the brokers for division of the commission, an agreement by one of them to accept a certain sum, amounting practically to a surrender of his right to make the sale for himself to that purchaser, or any other, and to further the sale by another broker, was supported by sufficient consideration, and he was entitled to recover thereon from the broker making the sale.

Brokers—Commissions—Actions—Evidence.

5. In an action by one broker against another for a portion of commissions for a sale on an alleged agreement therefor, in consideration of the plaintiff's release of his own right to sell the premises to a purchaser and furtherance of the sale made by the defendant, evidence of what the plaintiff had done toward the sale, and evidence of statements made by the owner that plaintiff had authority to sell, was admissible, not as evidence of consideration or the agreement sued on, but as tending to show that he was negotiating with the same purchaser for a sale, and might have a claim to a commission, if the sale was made.

From Multnomah: John B. Cleland, Judge.

This is an action by Finley Morrison and William J. Morrison, partners doing business under the firm name of Finley Morrison & Son, against L. S. Franck, to recover a commission alleged to be earned from a sale of real estate. From a judgment in favor of plaintiffs, defendant appeals, and this hearing is upon respondent's motion to affirm the judgment of the lower court.

*Messrs. Coovert & Stapleton* and *Mr. J. F. Boothe* for the motion.

*Messrs. Platt & Platt, contra.*

Opinion by Mr. Chief Justice Moore.

1. This is a motion to affirm a judgment. An abstract, in lieu of a transcript, was filed with our clerk March 29, 1910, within the time prescribed. The respondents' counsel, on June 24, 1910, interposed this motion, based on the ground that no proper bill of exceptions had been

sent up and that no question respecting the pleadings or the jurisdiction had been raised.

Rule 20 of the Supreme Court, as amended October 5, 1909, so far as applicable herein, is as follows:

"All motions must be filed within 10 days after a party or his counsel obtain knowledge of an alleged failure of the adverse party or his counsel to comply with the requirements of the statute or with the rules of this court. Any neglect to file a motion within such time will be deemed a waiver of all defects, except matters of jurisdiction."

The statute regulating the transfer of causes contains the following clause:

"Upon the appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the questions to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; and thereafter the appellate court shall have jurisdiction of the cause, but not otherwise." Section 553, B. & C. Comp.

One of the errors alleged is the refusal of the court to grant a nonsuit. The determination of that question requires a consideration of all the testimony introduced prior to the request for the special judgment. The sworn declarations of the witnesses occupy 144 pages of the printed abstract, but whether or not that volume contains all the testimony received is impossible to state, for no certificate of the judge is appended. It is unnecessary to speculate upon the sufficiency of the abstract, for it contains some of the testimony, and, as appellant's counsel was required to set forth so much of the record as might be necessary, the quantum thereof must largely be a matter of choice, and any failure to embrace all the testimony is not a question of jurisdiction. Such being

the case, the neglect to file the motion to affirm the judgment within the time limited therefor is fatal.

The motion is therefore denied.        DENIED.

---

Decided August 1, rehearing denied September 12, 1911.

## ON THE MERITS.

[117 Pac. 308.]

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action to recover part of the commission earned from a sale of real estate.

The complaint alleges that D. C. Pelton, being the owner of certain timber land, authorized the plaintiffs to sell the same at the price of $200,000, for which they should receive, as compensation, 5 per cent of the sale price, such authority extending until April 7, 1909; that during March, 1909, plaintiffs offered the land to the Crossett Timber Company, through its representative, A. Sprague; that defendant also had authority from Pelton to sell the land on the same terms, and that he was endeavoring to sell it to the same party; that the Crossett Timber Company agreed to purchase it, if plaintiffs and defendants would come to some agreement between themselves and Pelton as to the division of the commission; and "thereupon, in order to effect a sale, * * plaintiffs and the defendant entered into an agreement, whereby the plaintiffs would discontinue offering the same to any other party and assist the defendant in making a sale of said lands to the Crossett Timber Company, and if a sale should be made, through their joint efforts, or by either the plaintiffs or the defendant, to said Crossett Timber Company, then the plaintiffs were to receive, as their portion of said commission, the sum of $2,500," less $58.75, a portion of the expense of defendant; that "the plaintiffs performed services for the defendant which resulted in the making of a sale of said lands to the

Crossett Timber Company, and the defendant received the said commission of $10,000, and has neglected and refused to pay the plaintiffs said sum of $2,441.25, or any part thereof."

The answer denied the allegations of the complaint, except it admits that defendant had authority to and did sell the land. Trial was had before a jury and a verdict rendered in favor of plaintiffs for the sum of $1,666.66, and from a judgment thereon defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Platt & Platt,* with an oral argument by *Mr. Robert T. Platt.*

For respondents there was a brief over the names of *Messrs. Coovert & Stapleton,* and *Mr. J. F. Boothe,* with oral arguments by *Mr. A. B. Coovert* and *Mr. Boothe.*

Opinion by MR. CHIEF JUSTICE EAKIN.

2. First, plaintiffs move the court to affirm the judgment of the lower court, for the reason that there is no proper bill of exceptions certified to this court. Such motion was filed on June 26, 1910, and denied on October 4, 1910 (110 Pac. 1090), for the reason that it was not filed within the time prescribed by rule 20 of this court, as amended October 20, 1909. The abstract, at page 6, states that "the following proceedings were then had, as shown by the bill of exceptions," which thereafter purports to contain the bill of exceptions in full. The motion for the nonsuit appears at page 86 of the abstract, where it is stated: "This was all the testimony introduced upon the presentation of plaintiff's case in chief." The motion for a directed verdict appears at page 136, preceding which it is stated: "The foregoing was all of the testimony offered in this cause by either party thereto." Pages 136 to 156 contain a statement of the exceptions arising upon the admission of testimony, and

the instructions to the jury, with such a statement of the evidence as was deemed necessary to explain the exceptions. The separate statement of the exceptions and facts necessary to a proper understanding of them is sufficient as shown in the abstract, but plaintiffs raise the question that the bill of exceptions is not properly certified to this court, contending that the certified copy of the bill of exceptions, as settled and signed by the judge, should be filed in this court. This question must be determined by reference to Section 554, L. O. L., and rules of the Supreme Court Nos. 5 and 9 (50 Or. 572, 574: 91 Pac. viii, ix).

By rule 13, adopted August 2, 1894 (24 Or. 601: 37 Pac. viii), provision was made for filing the abstract. This rule was approved in *Fratt* v. *Wilson,* 30 Or. 542 (47 Pac. 706: 48 Pac. 356), but was only available upon the stipulation of counsel. Thereafter, in 1899, the legislature amended Section 541, Hill's Ann. Laws 1892 (Section 554, L. O. L.), by which it is provided that:

"Upon the appeal being perfected, the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the questions to be decided by the appellate tribunal."

Until that amendment, the filing of the transcript was essential to bring the case on appeal to this court, unless it was waived by stipulation. By authority of that amendment, rule 13 was amended on July 2, 1900, so as to make the abstract take the place of the transcript in civil cases. By rule 9, which specifies what shall be contained in the abstract, referring to the recital of proceedings on the trial, it is stated:

"Set out so much of the bill of exceptions, or the substance thereof, as is necessary to show the rulings of the court to which exceptions were taken during the progress of the trial, and which will be urged as error on the appeal, and no more." 50 Or. 576 (91 Pac. ix).

And by rule 5 it is provided: "If the respondent shall deem the appellant's abstract imperfect or unfair, he may, within 10 days after receiving a copy thereof, deliver * * such further or additional abstract as he shall deem necessary"; thereby dispensing with the necessity of bringing up the transcript or bill of exceptions. Many attorneys overlook this provision, and have certified to this court the full transcript and bill of exceptions, at great expense to their clients. Thus it will be seen that the abstract contains all that is required by rule 9 to present appellant's case. If it omitted anything pertaining to a fair presentation of the case, upon respondents' contention, under rule 5, it was their duty to have suggested it.

3. At the close of plaintiffs' evidence, defendant moved the court for a judgment of nonsuit, which was denied; and at the close of the whole testimony he moved the court to direct a verdict in his favor, which was denied, and these two rulings are assigned as error. As there was no question involved on the motion for nonsuit, not raised by the motion for a directed verdict, we will consider only the latter. *Trickey* v. *Clarke*, 50 Or. 516 (93 Pac. 457); *Dryden* v. *Pelton-Armstrong Co.*, 53 Or. 418 (101 Pac. 190).

Without determining whether Morrison had authority from Pelton to sell the land, it is clear that he thought he had, and he was endeavoring to sell the land to Collins, and to Sprague for the Crossett Timber Company, immediately prior to the 13th of March. Mr. Sprague testified that he had talked with Morrison about the Pelton and the Saling lands both before and after the 13th of March. He says:

"I think I saw Mr. Morrison nearly every day about that time, while we were closing the deal."

And, although Sprague, on the 12th or 13th of March, told Mr. Franck that he would take the land, he says that

nearly a week before the first payment of $10,000 was made the thing was in the balances.

"We had some differences; I know I was very much vexed at Mr. Franck for a little time."

The thing lingered along in an unsettled state for about a week. Sprague and Franck both reported their differences to Boothe. Again Sprague says:

"No; that afternoon [the 13th]; but when Mr. Franck saw me I had not bought it; when I went over to Mr. Boothe's office, it seems that Mr. Franck—I took it that he wanted to remove the objections that we had had to the closing of the deal; he wanted to let himself down a little easy, and so did it through Mr. Boothe; that is what I took it, and so I let it go at that."

His trouble with Mr. Franck was relating to the commission and some other things.

This conflict of claims for the commission appears to have been known to Pelton, as, before closing the sale with Sprague for the Crossett Timber Company, he required from Sprague indemity against other claims for commission than those on the Franck option, so there can be no doubt that the sale could not have been completed until there was a determination of the manner of dividing the commission, and on March 13th Franck, Dobie (who had an interest in the commission for himself and Edgar), and Boothe met in the latter's office, Boothe acting for Morrison, at which meeting, according to the testimony of Boothe and Dobie, it was agreed by all, including Franck, that the commission should be divided among them as follows: To Morrison, $2,500; to Dobie & Edgar, $5,000; and to Franck, $2,500. Franck denied that he agreed thereto; but that was a question for the jury, and they found against him thereon.

4. At the time this controversy arose, the terms of the sale were agreed upon, and the dangers of the numerous claims to the $10,000 commission was an obstacle in the way of closing it, which was settled on Saturday,

the 13th, and the sale effected and the payment of the $10,-000 made on Monday, the 15th. Therefore the only aid to be rendered by Morrison in completing the sale, or that was necessary for that purpose, was an agreement as to the division of the commission, which was thus a relinquishment by Morrison of any claim on Pelton and Sprague for commission. Boothe was to see Sprague and tell him that they had reconciled their differences as to the commission, and for him to go ahead and make the purchase through Franck, who would collect the commission and disburse it. On the same day Boothe did see Sprague and told him it was all arranged, and thereafter the sale was made at once and the commission paid on April 3d to Franck, who paid Dobie and Edgar their $5,000, but refused to pay Morrison his share. This we think was a sufficient consideration to support the agreement sued on. It was practically a surrender by Morrison of his right to make the sale for himself to Sprague or any other person, and furthered the sale by Franck. Therefore the motion for a directed verdict was properly denied.

5. Several exceptions were taken to the admission of evidence, based largely on the ground that there was no consideration for the agreement. The evidence of what Morrison had done toward the sale, prior to the 13th of March, was pertinent, not as evidence of consideration for the agreement sued on, but as tending to show that he was negotiating with Sprague for a sale, and might have some claim to the commission, if a sale should be made to him. The same is true of the question as to the admission made by Pelton that Morrison had authority to sell. Evidence as to the modification of Franck's contract with Dobie and Edgar from a one-third to a one-fourth of the commission, when Morrison's claim was recognized, tending to corroborate Dobie and Boothe; there being a conflict in the evidence.

The instructions requested by defendant are disposed of adversely to him by what has been said as to the consideration of the contract.

We have examined the other rulings complained of and find no error. The judgment is affirmed.

AFFIRMED: REHEARING DENIED.