Argued June 27, decided July 16, decree rendered and suit dismissed on rehearing August 15, 1912.

## KENWORTHY *v.* SLOOMAN.

[125 Pac. 273.]

EVIDENCE—SECONDARY EVIDENCE—PROOF OF LOSS—SUFFICIENCY.

1. A witness' testimony that he drew the lost mortgage, and thought it was left at a certain bank, and that he went to the bank, and had a certain person search for it, was hearsay, and insufficient to show such search as was necessary to authorize proof of the contents of the mortgage by parol; it being essential that the search be made and testified to by the person, in whose custody the lost instrument is known to be.

EVIDENCE—SECONDARY EVIDENCE.

2. The proof to establish a lost writing must show its existence, loss, and contents.

EVIDENCE—SECONDARY EVIDENCE.

3. It was error to admit parol evidence on the contents of a mortgage being foreclosed without its loss having been first established by competent proof.

On Rehearing.

APPEAL AND ERROR—DECISION—EQUITY.

4. Where, on appeal in a suit in equity, there is no doubt as to the issues below and that the respondent had full opportunity to present his case, the Supreme Court, on reversal, will not remand the case, but will enter a final decree upon the record.

From Washington: JAMES U. CAMPBELL, Judge.

This is a suit by J. D. Kenworthy against William Slooman, Martha Slooman, his wife, and Mattie Slooman, heirs at law of Harry Slooman, deceased, and Emelie T. Adler, sole heir at law of Fred L. Brown, deceased.

From a decree in favor of plaintiff, the defendant, Emelie T. Adler, appeals.

REVERSED: SUIT DISMISSED.

For appellant there was a brief over the name of *Messrs. Langley & Son,* with an oral argument by *Mr. Manche I. Langley.*

For respondent there was a brief over the name of *Messrs. Bagley & Hare,* with an oral argument by *Mr. W. G. Hare.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to foreclose a mortgage upon real estate. It is alleged in the complaint that on January 16, 1904, Harry Slooman borrowed from J. D. Kenworthy $100, executed his note to him therefor, and gave a mortgage upon certain real estate as security for its payment. Slooman died on October 15, 1904, and before his death he made a contract in writing with Fred L. Brown for the sale of his property, including the land above mentioned, in consideration for which, among other debts, Brown agreed to pay the note and mortgage. After the death of Slooman his heirs, William and Mattie Slooman, for the purpose of carrying out the Slooman-Brown contract, made a deed to the property in which it was specified that Brown assumed and agreed to pay the mortgage debt. Thereafter Brown died, and the defendant Emelie T. Adler acquired such real estate by inheritance from him. By her answer she denied the debt of Harry Slooman to plaintiff, denied the execution of the mortgage, and denied that Brown agreed and undertook to pay the mortgage as part of the consideration for the transfer of the land to him, or that he had knowledge of the existence of the mortgage. She admits, however, the conveyance of the land to Brown by the Slooman heirs and her title therein as the heir of Brown.

1. At the trial plaintiff was unable to produce the mortgage and endeavored to prove its loss, and to prove its execution and contents by parol. Plaintiff's agent, George Naylor, who drew the mortgage and made the loan, testified that the mortgage was executed in the E. W. Haines' Bank at Forest Grove. He thought he left it at the bank to be sent to Hillsboro for record, and, for the purpose of proving the loss of the mortgage, Naylor testified that he had searched for it, but could not find it; that he inquired at the bank and had

Miss Cronen search in the bank for it, and that he searched the records of the county for it; that he had forgotten what official had taken the acknowledgment or who were the witnesses to its execution, and then proceeded to give evidence as to its contents, to all of which the defendant objected. The proof of the loss of the mortgage tendered was insufficient for that purpose.

2. There are three elements of proof required in establishing a lost writing: Its existence or execution, its loss and its contents, and the fact of loss may be proved by any witness that has knowledge of the facts but the search necessary to be made for the writing must be by the person in whose custody it was known to be, and he should be called as to the result of the search. His declarations in regard to it are hearsay. 8 Ency. Evid. 343, 353; 25 Cyc. 1624, 1625; *Bounds* v. *Little*, 75 Tex. 316, 321 (12 S. W. 1109); *Wiseman* v. *N. P. R. R. Co.*, 20 Or. 425 (26 Pac. 272: 23 Am. St. Rep. 135); *Harmon* v. *Decker*, 41 Or. 587 (68 Pac. 11, 1111: 93 Am. St. Rep. 748). The evidence offered by plaintiff on this point relates only to inquiries made by witness. The proof must be by those who made the search or the person to whom the possession is traced.

3. The evidence is not sufficient to establish the loss of the morgtage, and, until the loss is proved, the plaintiff is not entitled to give evidence of its contents. By the terms of the deed to Brown, he assumed to pay the mortgage referred to therein which is a mortgage to Edith L. Kenworthy and not to the plaintiff, and, having retained part of the purchase price for that purpose, he became personally liable therefor, but the note and mortgage sued upon are not the debt and mortgage assumed in the deed. If plaintiff sought to recover upon the liability of Brown, created by the deed, or to offer the deed as evidence of the existence of the mortgage, or of

its contents, and if there is a mistake in the description of the mortgage contained in the deed, it cannot be shown by parol, when the deed is offered in evidence.

The circuit court erred in admitting evidence of the contents of the mortgage, the loss of it not having been first established by competent proof, and without such proof the plaintiff was not entitled to a decree.

The decree is reversed, and, under the authority of Section 557, L. O. L., *Fowle* v. *House,* 30 Or. 305 (47 Pac. 787), and *State* v. *Richardson,* 48 Or. 309, 314 (85 Pac. 225: 8 L. R. A. [N. S.] 362), the cause will be remanded for such further proceedings as to the circuit court may seem proper, not inconsistent with this opinion.

Decided August 15, 1912.

ON REHEARING.

[125 Pac. 274.]

4. The petition for rehearing only questions the order of the court remanding the case to the circuit court for further proceedings, contending that in equity the case is tried anew on the record, and final decree entered here.

The court is of the opinion that there was no doubt as to the issues tendered in the lower court, and that plaintiff had full opportunity to present his case, and therefore the case does not come within any of the exceptions to the rule, as stated in *Smith* v. *Wilkins,* 31 Or. 421, 422 (51 Pac. 438) ; *Robson* v. *Hamilton,* 41 Or. 239 (69 Pac. 651; *Branson* v. *Oregonian Ry. Co.,* 10 Or. 278, and *Brown* v. *Lewis,* 50 Or. 358 (92 Pac. 1058), that in equity cases a final decree upon the record before the court shall be entered here, and one will be entered here dismissing the suit, with costs to defendants.

REVERSED: SUIT DISMISSED.