Argued December 8, affirmed December 28, 1915.
Rehearing allowed February 1, argued on rehearing February 23,
approved on rehearing March 21, 1916.

# HANNA *v.* ALLUVIAL FARM CO.

(152 Pac. 103; 156 Pac. 265.)

**Appeal and Error—When Affirmed Regardless of Technical and Immaterial Errors.**

1.   Article VII, Section 3, of the Constitution provides that where on appeal the record contains all the testimony, the instructions of the court to the jury, and all other matters material to the decision as made in the lower court, from a consideration of all which the appellate court is of the opinion that the judgment rendered by the court below is such as should have been rendered, the case on appeal will be affirmed, notwithstanding the errors assigned by appellant which do not affect the justness of the judgment.

**Judgment—Conclusiveness.**

2.   When a question has been fully and finally litigated and decided between two parties by a court having jurisdiction of them and the subject matter involved, the judgment is the end of the law, and finally concludes both parties.

[As to necessity that judgment remove all uncertainty in order to be *res judicata,* see note in 44 Am. St. Rep. 563.]

**Appeal and Error—Review—Consideration or "Bill of Exceptions."**

3.   In view of Section 169, L. O. L., the Supreme Court can examine the bill of exceptions to determine the true character of the judgment below, since a "bill of exceptions" is an authoritative declaration of the trial court concerning matters that would not properly appear in the mere journal entry of the judgment; its object being to bring into the record matter that would not otherwise appear in order to lay the foundation for proceedings in error and for the information of the appellate court.

**Judgment—Conclusiveness—Nonsuit—Statute.**

4.   Under section 184, L. O. L., providing that when a judgment of nonsuit is given the action is dismissed, but such judgment shall not bar another action for the same cause, where plaintiff made offers of testimony, many of which were overruled, and rested, and without also resting, defendant's counsel moved "for findings of the court for judgment for the defendant and that it recover of the plaintiff its costs and disbursements," the judgment for defendant entered upon such motion was not conclusive in another suit on the same cause of action, since the motion of defendant amounted merely to a demurrer to evidence and resulted only in a judgment of nonsuit.

Appeal and Error—Bill of Exceptions—Admission of Offer of Testimony.

5. Where defendant's bill of exceptions states that "plaintiff offered testimony tending to prove all the allegations contained in the complaint," defendant cannot assign error to the insufficiency of plaintiff's evidence to prove the allegations.

From Polk: Webster Holmes, Judge.

Two cases were tried together, but not consolidated. One is by J. L. Hanna against the Alluvial Farm Company, a corporation, and the other is by the Alluvial Farm Company, against J. L. Hanna. From a judgment rendered in favor of plaintiff in the first action, defendant appeals.                    Affirmed.

For appellant there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. C. A. Sheppard.*

For respondent there was a brief over the names of *Messrs. Carson & Brown* and *Mr. John D. Turner,* with an oral argument by *Mr. John A. Carson.*

Department 1.    Opinion Per Curiam.

1. Attached to the bill of exceptions in this case are the whole testimony, the instructions of the court to the jury, and all other matters material to the decision as made in the court below, from a consideration of all which we are of the opinion that the judgment appealed from is such as should have been rendered in the case.

It is consequently affirmed under the authority of Section 3 of Article VII of the state Constitution, notwithstanding the assignments of error urged by the defendant.                    Affirmed.

Former opinion approved March 21, 1916.

ON REHEARING.

(156 Pac. 265.)

For appellant there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. Chester A. Sheppard.*

For respondent there was a brief over the names of *Messrs. Carson & Brown* and *Mr. John D. Turner,* with oral arguments by *Mr. John A. Carson* and *Mr. Thomas Brown.*

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

This case was affirmed in a *per curiam* opinion filed December 28, 1915, on the ground that, having considered the whole record before us, the court was satisfied under Section 3, Article VII, of the Constitution, that the judgment entered herein by the trial court was such as should have been rendered. Upon a skillfully argued petition for rehearing, the court has again heard counsel. It will be remembered that the litigation between these parties began in an action by this plaintiff against the defendant to recover upon its promissory note. In turn, the defendant sued the plaintiff here to recover the value of some goats sold to him. The two causes were tried together by the court without a jury. The result was a judgment to the effect that Hanna should take nothing in either action, but that the Alluvial Farm Company should recover from him $275.50, together with costs and disbursements. Oral notice of appeal was given by Hanna in open court; but, after filing a bill of excep-

tions settled by the trial judge, no further steps were taken in that behalf. Nothing daunted by those matters, Hanna began this action on precisely the same cause alleged in his former complaint, to wit, a promissory note for $1,545. The defendant set up the proceedings in the former case and relied upon them as *res adjudicata*. A jury trial resulted in a directed verdict and a judgment in favor of the plaintiff according to the prayer of his complaint, fixing his attorney's fees at $250, and the defendant appeals.

2. It is now urged that we have utterly ignored the principle of conclusiveness of the former judgment between the same parties on the same cause of action. It is beyond controversy that, when a question has been fully and finally litigated and decided between two parties by a court having jurisdiction of them and of the subject matter involved, the judgment is the end of the law and finally concludes both parties. The precise question to be determined on this branch of the case is whether there was indeed a final adjudication on the merits of the controversy. We recall from the record that in the judgment upon which the defendant here relies it was said, in respect to the cause of action under consideration, that "the said James Hanna take nothing in such actions or either of them." Is this a final judgment?

3, 4. It is said in Section 184, L. O. L.:

"When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

It is required that we ascertain what was actually determined between the parties. In this phase of the controversy we are not restricted to the mere words of adjudication entered upon the journal of the court. We are entitled to look to the whole record. We read

in Section 208, L. O. L., that, in every case other than where judgment has been rendered for want of an answer, the clerk of the court shall prepare and file in his office a judgment-roll composed thus:

"He shall attach together in like manner the summons and proof of service, the pleadings, bill of exceptions, all orders relating to a change of parties, together with a copy of the entry of judgment, and all other journal entries or orders in any way involving the merits, and necessarily affecting the judgment."

It is common learning that a bill of exceptions is an authoritative declaration of the trial court concerning matters that would not properly appear in the mere journal entry of the judgment. As stated in the note to Section 169, L. O. L.:

"The object of the bill of exceptions under the Code, as at common law, is to bring into the record matter that would not otherwise appear, in order to lay the foundation for proceedings in error and for the information of the appellate court."

The bill of exceptions, therefore, is of equal rank and authenticity with the journal entry made by the clerk in the book of judgments, and may be examined with equal propriety to determine what was really decided by the trial court. The judgment-roll in the trial of the two actions is before us as part of the record on this appeal. It is the official memorial of the judicial transactions in that litigation. It includes the bill of exceptions there settled, from which we learn that the plaintiff made sundry offers of testimony many of which were overruled, and rested. Without also resting the case of his client, the counsel for the Alluvial Farm Company moved "for findings of the court for judgment in the two actions consolidated and tried together by the consent of the parties, and that judgment

be for $275.50 in favor of the Alluvial Farm Company against James Hanna, and further that the Alluvial Farm Company recover of and from James Hanna its costs and disbursements in the action." This motion of the Alluvial Farm Company, made when it had not rested its own case, amounted to nothing more than a demurrer to the evidence of the plaintiff, and could only result in a judgment of nonsuit. Indeed, in legal effect, that is the decision the court in fact rendered on the cause of action here involved, because it simply said that he take nothing in the action. This is precisely what should have been said if the Farm Company had expressly moved for a judgment of nonsuit for failure of proof. Applicable to this feature are the following precedents: *Huber* v. *Miller,* 41 Or. 105 (68 Pac. 400); *Hoover* v. *King,* 43 Or. 281 (72 Pac. 880, 99 Am. St. Rep. 754, 65 L. R. A. 790); *Carroll* v. *Grande Ronde Elec. Co.,* 49 Or. 477 (90 Pac. 903); *Brown* v. *Lewis,* 50 Or. 358 (92 Pac. 1058); *Burnett* v. *Marrs,* 62 Or. 598 (125 Pac. 838); *Wicks* v. *Sanborn,* 72 Or. 321 (143 Pac. 1007). In brief, on this point, without in any way contradicting the journal entry, we have looked into the judgment-roll, as well we may, and, from that authoritative history of the affairs, have discovered that a judgment was rendered which under the terms of Section 184, L. O. L., is not a bar to another action for the same cause. This disposes of the question of *res adjudicata* adversely to the contention of the defendant.

5. It is also argued that the testimony was not sufficient to prove that the note sued upon was the obligation of the defendant. The only evidence offered by the defendant affecting the merits of the case was the record of the former litigation for the purpose of prov-

ing the defense of *res adjudicata*.  As we construe those papers, they do not prove the allegations of the answer in that respect.  There was nothing else in evidence on the part of the defendant controverting the witnesses or other testimony for the plaintiff.  At the very opening of the bill of exceptions in this case, it is said that "the plaintiff offered testimony tending to prove all the allegations contained in the complaint."

This ends our quest on that point, and the judgment must be affirmed.            AFFIRMED ON REHEARING.

MR. JUSTICE EAKIN not sitting.

—————

Motion to dismiss appeal submitted on briefs January 27, denied February 9, 1915.
On the merits argued March 2, reversed March 21, 1916.