Motion to strike bill of exceptions denied October 23, 1934;
argued March 7; affirmed April 16, 1935

## RAYBURN ET UX. *v.* NORTON

(36 P. (2d) 986, 43 P. (2d) 919)

*E. O. Potter,* of Eugene, for appellant.

*H. E. Slattery,* of Eugene, for respondents.

PER CURIAM. The respondents move to strike the bill of exceptions on the ground that it was not presented for allowance within the time prescribed by section 2-703, Oregon Code 1930, as amended by chapter 49, Laws, 1931, or within any extension thereof made within the time.

The record shows that the judgment on the verdict was rendered on April 20, 1934, but that it was not entered until April 21, the day following, and that the order extending the time for filing the bill of exceptions was signed by the judge on June 20 and filed and entered on the following day.

■ As amended, the statute provides that: "A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty (60) days after the *entry* of the judgment or decree, or within such further time as may be granted by order of the court if application is made during the said period of sixty (60) days or within any extension that may be granted." Under this statute, it is the day of the entry, not rendition, which controls. Under section 2-1506: "When judgment is given * * * it shall be entered within the day it is given." But section 2-1509 provides that "if it [the judgment] has been given in term time, it may be entered at any time during the term, of the day's proceedings on which it should have been entered". Frequently verdicts are rendered late at night and the judgment is not entered until the day following.

The statute authorizes the doing of this very thing. This judgment having been entered on April 21, that day must be excluded. There were then remaining nine days in April, thirty-one in May, and twenty days in June in which the order extending the time could be made. It having been made on June 20, it was within the time.

The motion is, therefore, denied.

---

Argued on the merits March 7; affirmed April 16, 1935

ON THE MERITS
(43 P. (2d) 919)

BEAN, J. By appropriate assignments of error, the defendant raises the question that the court erred in

overruling defendant's demurrer to the amended complaint; in denying defendant's motion for nonsuit; in denying defendant's motion for a directed verdict in favor of defendant; in not holding that the issues of this cause were res judicata and determined by the former decision, and in not holding that the plaintiffs were barred by the statute of limitations from bringing this action. Defendant also assigned one error with regard to instruction given by the court to the jury.

Defendant claims that the amended complaint shows that the case was res judicata and also that the statute of limitations had run when the present case was filed. Section 1-206, Oregon Code 1930, provides that in an action at law based upon fraud or deceit the time of two years shall be deemed to commence only from the discovery of the fraud or deceit.

■ Plaintiffs invoke the provisions of section 1-219, Oregon Code 1930, which provides as follows:

"If an action shall be commenced within the time prescribed therefor and such action be dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if he die and any cause of action in his favor survives, his heirs or personal representatives, may commence a new action upon such cause of action within one year after such dismissal or reversal on appeal; * * *"

Plaintiffs also contend that section 1-214, Oregon Code 1930, tolls the statute of limitations. That section provides as follows:

"If, when the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited, after the return of such person into the state, or the time of his concealment; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this

state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

Defendant contends that section 1-219 is a special statute and that the provisions of section 1-214 do not apply so as to toll this statute, and, the former action having been reversed and dismissed more than one year prior to the commencement of the present action, that the same is barred.

A reference to the code, enacted in 1862, shows that sections 1-214 and 1-219 were enacted at the same time and were parts of the same act or code. It will be noticed that the language of section 1-214 is that, when a cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms *herein* respectively limited. It does not apply this section to the previous sections relating to the running of the statute of limitations, or to subsequent sections of the statute or code of 1862, which relate to the statute of limitations, but provides that such action may be commenced within the terms *herein* respectively limited after the return of such person into the state, etc. We therefore hold that the provisions of section 1-214, which is section 16 of the code of 1862, applies to section 1-219, and provides for the tolling of this statute during the time defendant is out of the state, within the one-year limitation. The statute of limitations appears to be upon the principle that the law does not require a vain or impossible thing. It would be impossible for the plaintiff to prosecute an action in this state against a defendant who was out of the state or concealed therein. The statute should be given a liberal construction. These sections are *in pari materia* and should be construed

together: 17 R. C. L. 684, § 30; 25 R. C. L. 1006, 1009, §§ 247, 248.

The statute of limitations had not run against plaintiffs' cause of action at the time the present action was commenced, under either section of the statute.

■ Section 2-1001, Oregon Code 1930, authorizes a judgment of nonsuit against the plaintiff when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury.

Considering defendant's contention that the former judgment was res judicata, section 2-1004 provides that when a judgment of nonsuit is given the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause: *Hanna v. Alluvial Farm Co.*, 79 Or. 557 (152 P. 103, 156 P. 265). The mandate of this court, filed in the circuit court in the first action on May 1, 1926, reads: ''The motion for nonsuit, as to the first cause of action, should have been sustained. * * * Hence the judgment will be modified by reversing the same as to the first cause of action only.'' That judgment controls. It is not necessary to have the affirmance of the circuit court. The first cause of action in the former case is the only one involved in the present case.

■ It is plain from the opinion in the former case that the judgment was not upon the merits, but that the action was dismissed on account of laches. Evidently the testimony in the present case is different from that in the former one, as in the present case the plaintiffs thoroughly explain that they were not fully informed in regard to the fraud and deceit of defendant until some time in September, 1922. Defendant's letter, introduced in evidence in the present case, which is not graced with the mark of an exhibit in the former case, and apparently was not in evidence, clearly shows that

defendant was the one that was postponing the matter until the next fall when plaintiffs would have an opportunity to raise a crop. This question was submitted to the jury by the following instruction given by the court:

"If the plaintiffs, without reasonable excuse, delayed for the period shown by the evidence, then they would lose the right to withdraw merely by tendering the land back and notifying the defendant of their election to rescind the contract. Under such circumstances, that is, a delay without reasonable excuse, under such circumstances the plaintiffs would be guilty of what is called laches, which means a delay or neglect barring a right to recovery. If you find that the plaintiffs were guilty of laches, then they cannot recover at all in this case unless you find not only that the plaintiffs tendered return of the possession of the Canada property to the defendant and sought to rescind, but that the defendant accepted the tender. If they were guilty of laches by too long a delay, they couldn't force a rescission and an acceptance of the property and they could, under such conditions, recover only if two things are shown, the tender, possession of the property, and the assertion of the rescission, coupled with acceptance of the tender. If the defendant accepted the redelivery of the land and consented to rescission, then the defendant could not complain of the delay, even if there was an unreasonable delay."

Defendant maintains that there is no basis for giving the instruction set out, for the reason that there is no sufficient evidence of any acceptance by appellant of the Canada property. The testimony tends to show that the appellant, Norton, went back to Canada and looked after the taxes and land, etc., and now, as far as is shown, has the possession of the Canada property. He heretofore had the benefit of the Roseburg Apartments and sold the same. We think the instruction was pertinent to the testimony and warranted the jury

in finding that he accepted the proffer of plaintiffs and took possession of the land. The question of laches was properly submitted to the jury upon the testimony in the present case, which differed from the evidence in the former case, and the jury found in favor of plaintiffs.

Black on Rescission (2d Ed.) 1327, § 539, says:

"As to constructive knowledge or notice, a person who has been defrauded does not owe to the person who has cheated him any duty of active vigilance in seeking to discover the fraud. And though he may entertain a suspicion that fraud has been practiced upon him, this is not equivalent to a knowledge of the facts." 66 C. J. 825, § 477.

The plaintiffs, as the jury evidently found, did not acquiesce in the fraud of the defendant. It is stated in 9 C. J. 1205, § 87, as follows:

"No act of a party amounts to a confirmation of a fraudulent transaction, or acquiescence therein, unless done with full knowledge of the fraud and while he is free from its influence. Plaintiff's ignorance of his rights also, as a general rule, negatives any laches on his part, especially where there has been no change in the situation of the parties in respect to the matter in which the relief is sought."

From the appearance of the transaction, plaintiffs were rather inexperienced, while the defendant was an experienced real estate dealer and had been in the exclusive real estate business for a time.

In *Hall v. Catherine Creek Development Co.*, 78 Or. 585 (153 P. 97, L. R. A. 1916C, 996), the court quoted from *Raymond v. Flavel*, 27 Or. 219 (40 P. 158), as follows:

"The notice must be more than would excite the suspicion of a cautious and wary person; it must be so clear and undoubted, with respect to the existence of a

prior right, as to make it fraudulent in him afterwards to take and hold the property.''

The testimony in the case tended to support the allegations of the complaint, which we have set out quite fully, and to sustain the verdict. There was no error in the court submitting the question to the jury by the instructions above quoted. Two juries have found a verdict in favor of plaintiffs.

We find no error in the record; therefore, the judgment of the circuit court is affirmed.

CAMPBELL, C. J., and BAILEY and RAND, JJ., concur.